Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only




UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JUAN GAMINO, et al.,
Plaintiffs,
v.
COUNTY OF VENTURA, et al.,
Defendants.

No. CV 02-9785 CBM (JWJx)

ORDER RE METHOD OF CLASS NOTIFICATION

ENTER ON ICMS
DEC 31 2003

The matter before the Court, the Honorable Consuelo B. Marshall, Chief Judge, presiding, is Plaintiffs' Motion to Determine Method of Notification for Class Members. The parties appeared before the Court for oral argument on December 15, 2003. Upon consideration of the papers submitted and the arguments presented, the Court directs that individual notice to class members be provided, pursuant to Federal Rule of Civil Procedure 23(c)(2) and requires that the Defendants produce name and address information to Plaintiffs' counsel for use in providing individual notice to the unnamed class members. The Court will stay this Order pending its ruling on Defendants' Motion for Summary Judgment Based on Qualified Immunity in the related case, *Way v. Ventura County*, CV 01-5401 CBM, currently scheduled for hearing on January 26, 2003.



## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this class action complaint on December 24, 2003 alleging constitutional violations by Defendants as a result of the County of Ventura Sheriff's Department's policy of strip searching all individuals booked into the County Jail for suspicion of being under the influence of a controlled substance. This is a companion case to another case also before this Court, *Way v. Ventura County*, CV 01-5401 CBM, alleging the same wrongdoing. This Court ruled on summary judgment in the *Way* case that Ventura County's strip search policy allowing the visual unclothed body cavity search of Plaintiff without her ever being released into the general prison population and without a determination of reasonable suspicion, violated Plaintiff's constitutional rights. The Court did not reach the issue of whether a strip search of a plaintiff who was released into the general prison population would also constitute a constitutional violation.[1]

On September 4, 2003, the parties in this lawsuit lodged a stipulation and proposed order certifying this as a Rule 23(b)(3) class action and defining the class as "Any pretrial detainee in the Ventura County Jail for violation of Health and Safety Code Section 11550 so that, in accordance with the Ventura County

---

[1] In the Court's July 22, 2002 Order denying Defendants' Motion for Summary Judgment in the *Way* case, the Court invited the Defendants to file briefs as to whether they were entitled to qualified immunity. Prior to filing any briefs on this issue, Defendants appealed this Court's decision regarding the constitutionality of the search to the Ninth Circuit. On November 26, 2003, the Ninth Circuit dismissed the appeal holding that the District Court had only reached the first issue under *Saucier v. Katz*, 533 U.S. 194 (2001), – whether a constitutional right had been violated – and had not reached the second issue as to whether the right was clearly established. The Ninth Circuit held that this Court's decision was not a final, appealable order and that the County must wait until the Court rules upon the second prong of *Saucier*. As a result of the Ninth Circuit's dismissal of the appeal, Defendants have moved this Court for Summary Judgment Based on Qualified Immunity. The hearing on that motion is currently scheduled for January 26, 2003.

Sheriff's Department's policy, each arrestee was subject to a visual-only unclothed body cavity examination." The Court signed this order certifying the class on September 17, 2003. Plaintiffs filed a Motion to Determine Class Size based on statute of limitations on September 4, 2003 seeking to have the class encompass all persons subjected to this policy from its inception on August 26, 1998. Defendants objected and argued that the applicable statute of limitations limited the class to only those persons subjected to the practice on and after December 24, 2001.

The Motion to Determine Class Size was assigned to Senior Judge Harry L. Hupp for disposition and on October 6, 2003, Judge Hupp issued an order declaring that the class is all persons who were arrested under Health and Safety Code Section 11550 and strip searched in Ventura County between December 24, 2001 and March 27, 2003.

Plaintiffs served discovery requests on Defendants on June 5, 2003 seeking information regarding Ventura County Section 11550 detainees from 1998 through the present. Defendants objected to Plaintiffs' requests on the grounds that the information requested implicated the constitutional privacy rights of the inmates and the production of all of the requested information would be a "crushing" burden on Defendants.

On November 21, 2003, Plaintiffs filed their Motion to Determine Method of Notification for Class Members.[2] Defendants filed a timely opposition.

## LEGAL STANDARD

An action that plaintiff seeks to maintain as a class action must meet the requirements of Federal Rule of Civil Procedure 23(a) and fall within one of

[2] Plaintiffs originally attempted to file this Motion in September, but it was rejected by the Clerk's office. It took some time for both parties to recognize that the Motion was not on this Court's calendar due to the rejection and in November, Plaintiff's filed their "re-notice" of Motion for hearing on December 15, 2003 filing the same papers as previously filed.

An action that plaintiff seeks to maintain as a class action must meet the requirements of Federal Rule of Civil Procedure 23(a) and fall within one of three categories of Rule 23(b). The four requirements of Rule 23(a) are numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). The parties have stipulated that these four requirements are met in this case.

The three categories of cases that are maintainable as a class under Rule 23(b) are: (1) risk of inconsistent or unfair adjudication (also known as the "limited fund" theory); or (2) defendant acted on grounds generally applicable to the class – making injunctive or declaratory relief appropriate as to the class as a whole; or (3) common questions of law or fact predominate. *See* Fed. R. Civ. P. 23(b). The parties have stipulated (and the Court has ordered) that this class is to be maintained as a 23(b)(3) class action.

In any class that is certified as a Rule 23(b)(3) class action, Rule 23(c)(2) requires that the court "shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c). The purpose of the notice is to advise class members of their ability to opt out of the class, the binding nature of any judgment (whether favorable or not) against them, and that any member of the class may enter an appearance in the action. *See id.*

According to the Supreme Court, "Rule 23(c)(2) requires that individual notice be sent to all class members who can be identified with reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). In discussing the due process requirements of Rule 23, the Supreme Court cited *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), "But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might

*Barahona-Gomez v. Reno*, 167 F.3d 1228, 1236 (9th Cir. 1999). The Ninth Circuit has held notice by publication insufficient in a class action brought alleging disability discrimination by owners and operators of service stations, because "[n]otice could have been given through individual mailings to disabled drivers, using the names maintained by the Department of Motor Vehicles." *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). In *Molski*, the Court invalidated the notice by publication "[b]ecause no individualized efforts were undertaken, we hold that the notice provided to the class was inadequate and failed to comport with the requirements of due process." *Id.* However, some courts, faced with millions of unidentifiable class members, have allowed notice by publication where the publication is widespread and reasonably calculated to reach potential class members. *See, e.g., In re Compact Disc Litigation*, 216 F.R.D. 197, 203-204 (D.Me. 2003) ("given the millions of unidentified CD purchasers during the class period, individual notice was not possible. Instead the notice program consisted of print, broadcast and electronic publication, and employed a short- form and long-form notice"); *In re Simon II Litigation*, 211 F.R.D. 86, 183 (E.D.N.Y. 2002) ("Notice of an impending class action suit need only be the best notice practicable under the unique circumstances of each case; this is a fact-intensive inquiry;" Court held that, in the abstract, notice plan proposed by plaintiffs' expert would be appropriate way of providing nationwide notice to class members).

**DISCUSSION**

Plaintiffs make this Motion for a determination of whether individual notice to class members will be required (pursuant to Rule 23(c))(2)), or if notice by publication will be sufficient to satisfy the class notice requirements. Defendants oppose individual notification based on their privacy and burden objections previously asserted in response to Plaintiffs' discovery requests. In support of their objections, Defendants submitted the declaration from the

SCANNED

Commander in charge of the County Jail facility describing the burden of responding to Plaintiffs' discovery requests.

**A. Privacy Interest of Inmates Asserted By Defendants**

Defendants object to providing plaintiffs' counsel with the name and address of all individuals who were arrested pursuant to Section 11550 on the grounds that these arrestees have privacy interests in keeping their arrest history private and not having the County disclose it in discovery.

The California Constitution provides a right of privacy to all California citizens, with one of the major purposes of the enactment of this amendment was "to prevent the improper use of information properly obtained for a specific purpose ... for another purpose or the disclosure of it to some third party." *Denari v. Superior Court*, 215 Cal. App. 3d 1488, 1498 (1989). The courts have recognized that dissemination of information about arrests implicates the right of privacy of the arrestees. *Id. citing Kilgore v. Younger*, 30 Cal. 3d 770, 794 (1982). California courts have also held that litigants do have standing to assert the privacy rights of third persons who would be affected by the litigant's provision of the private information. *See Denari*, 215 Cal. App. 3d at 1498-99. However, the court will consider, when weighing in favor of discovery, "the importance or primacy of the evidence requested." *Id.* at 1501. "California has not construed the right to privacy as absolute . . . It may be reasonably expected, therefore, that where the sought-after evidence was anticipated to play a major role in plaintiff's case, the right to privacy would give way under the California balancing test." *Id.*

Defendants argue that the fact of an individual's arrest for this violation is a sensitive matter that should be protected by California's privacy right. Defendants also argue that simply the act of providing individual notice to a class member may implicate an individual's privacy interest because, by sending

the notice, that person's spouse, employer, or others could obtain the information of the arrest.

Federal Rule of Civil Procedure 23(c)(2) specifically requires individual notice to individuals that can be identified through reasonable effort. Defendants' asserted privacy objection does not affect whether or not these individuals can be identified. Additionally, given the balancing of interests that the California courts perform in considering the provision of private information, being able to provide the individual notice required by Rule 23 does play a "major role" in plaintiffs' case and is central to plaintiffs' ability to continue with this litigation – outweighing the privacy interest asserted by Defendants. Defendants' asserted concern about public disclosure of this private information carries even less weight considering that this information is only to be used for Plaintiffs' provision of individual notice to the class and his representation of those class members. Therefore, Defendants' privacy objection cannot be used as a shield to prevent the disclosure of the names and addresses of the unnamed class members to Plaintiffs' counsel for the purpose of providing individual notice. By requiring the disclosure of the names and addresses of these individuals for the class period, this does not rule on the propriety of disclosing the other information and documents requested in Plaintiffs' discovery requests.

**B. Ability to Provide Individual Notice Through Reasonable Effort**

Defendants assert that individual notice should not be required because it would take an unreasonable effort to locate the names and addresses of all of the class members and that any such requirement would put a "crushing burden" on Defendants.

Plaintiffs' discovery requests were served on June 5, 2003, prior to a determination of the applicable class period, and requested information regarding all persons arrested for a violation of Health and Safety Code Section 11550 and booked in the Ventura County Jail for the years 1998 to the present. In response

to Plaintiffs' requests and at oral argument on this Motion, Defendants described that the information requested by Plaintiffs could be placed into two categories – first, the information regarding arrestees booked into the County jail since June 19, 2002, the date upon which the Ventura County Jail began using a computer system called the Ventura County Integrated Justice Information System ("VCIJS"), and second, the information regarding arrestees booked in the County jail prior to June 19, 2002 and the Jail's use of the VCIJS centralized computer system.

Based on the Court's prior ruling regarding the applicable class period, the plaintiff class in this case encompasses those individuals arrested between December 24, 2001 and March 27, 2003. The Court has evaluated the burden objections asserted by Defendants and determined that Defendants can identify the unnamed class members through "reasonable effort" as required by Fed. R. Civ. P. 23(c). The Court recognizes, based on the representations made, that it might be easier for Defendants to determine the contact information for the arrestees for the time period in which VCIJS was in use (June 19, 2002 - March 27, 2003) than for the period prior to the implementation of VCIJS (December 24, 2001 - June 18, 2002). Therefore, the Court will set a deadline for compliance for the VCIJS period, then allow Defendants to submit evidence regarding the actual procedures used in obtaining this information, and then rule upon the provision of this information for the pre-VCIJS class period.

The Court now requires Defendants to produce to Plaintiffs' counsel the contact information, including the name and address of each individual, for unnamed class members for the period June 19, 2002 - March 27, 2003 when the VCIJS system was in use. Following the initial VCIJS-period production, the Court will provide a separate deadline for production of the contact information for unnamed class members arrested during the remainder of the class period, December 24, 2001-June 18, 2002. The Court also stays Defendants' obligation

to produce the contact information pending the Court's determination of Defendants' Motion for Summary Judgment in the related *Way* case.

**CONCLUSION**

The Court ORDERS Plaintiffs to provide individual notice to unnamed class members pursuant to Fed. R. Civ. P. 23(c)(2). The Court also ORDERS Defendants to provide the contact information, including name and address, for these unnamed class members to Plaintiffs, in the manner described herein. The Court hereby STAYS the parties' compliance with this Order until the Court rules upon Defendants' Motion for Summary Judgment in the *Way* case, CV 01-5401, presently scheduled for hearing on January 26, 2003.

IT IS SO ORDERED.

DATED: December 31, 2003

CONSUELO B. MARSHALL
Chief, United States District Judge

SCANNED