Case 2:02-cv-09785-CBM -E Document 80 Filed 12/13/04 Page 1 of 6 Page ID #:70

Priority Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
DEC 13 2004
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GAMINO, et al.<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF VENTURA, et al.<br><br>Defendants. | CASE NO. CV02-9785 CBM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE THIRD CAUSE OF ACTION; AND DENYING PLAINTIFF'S REQUEST FOR A FINDING AS TO CLASS SIZE |

The matter before the Court is Plaintiff's Motion for Partial Summary Judgment as to the Third Cause of Action, filed on September 13, 2004. On November 15, 2004, counsel for the parties appeared before the Court, the Honorable Consuelo B. Marshall, Chief Judge, presiding.

Upon consideration of the papers and arguments submitted, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment and **DENIES** Plaintiff's request for a finding as to class size.

**JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

**BACKGROUND**

Plaintiffs filed this class action complaint on December 24, 2002, alleging

1

constitutional violations by Defendants as a result of the County of Ventura Sheriff's Department's policy of strip searching all individuals booked into the County Jail for suspicion of being under the influence of a controlled substance. This is a companion case to *Way v. Ventura County*, which alleges the same wrongdoing. On July 22, 2002, this Court granted Way's Motion for Partial Summary Judgment, finding that the visual unclothed body cavity search of Plaintiff, pursuant to the County's strip search policy, violated Plaintiff's Fourth Amendment rights. On February 18, 2004, this Court denied Defendants' Motion for Summary Judgment based on Qualified Immunity, finding that the law prohibiting the blanket search policy was clearly established at the time of the search. Defendants filed a Notice of Appeal on March 4, 2004 and the case is currently pending with the Ninth Circuit.

Like Noelle Way, the named Plaintiffs in this case (Juan Gamino, Kathy Conley, and Ed Ferrel) were charged solely under California Health and Safety Code Section 11550 for being under the influence of a controlled substance, subjected to a strip search during the booking process, and subsequently were either released on their own recognizance or posted bail. The named Plaintiffs never entered the general jail population.

On September 4, 2003, the parties in this lawsuit lodged a stipulation and proposed order certifying this case as a Rule 23(b)(3) class action and defining the class as "[a]ny pretrial detainee in the Ventura County Jail for violation of Health and Safety Code Section 11550 so that, in accordance with the Ventura County Sheriff's Department's policy, each arrestee was subject to a visual-only unclothed body cavity examination." The Court certified the class on September 17, 2003.

On August 30, 2004, the Court denied Defendants Motion to Modify Class, rejecting Defendants' arguments that individuals who had been charged with additional offenses that may have justified a strip search or who had entered the general jail population should be excluded from the class. On August 31, 2004, the

Court Approved Plaintiffs' proposed notice of pendency of class action and ordered Plaintiff to notify the class.

On September 13, 2004, Plaintiffs filed this Motion for Summary Judgment. Plaintiffs seek summary judgment on two issues: (1) that Defendants violated California Civil Code Section 52 and 52.1 as to each member of the class; and (2) that the number of class members totals 4989. Defendants filed an opposition on October 4, 2004. A reply was filed on October 12, 2004.

## DISCUSSION

### A. Standard of Law

Summary judgment against a party is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is *entitled to a judgment as a matter of law.*" Fed. R. Civ. P. 56(c) (emphasis added). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence and draws all inferences in the light most favorable to the nonmoving party. *T.W. Elec. Svc., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory,

1 speculative testimony in affidavits and moving papers is insufficient to raise
2 genuine issues of fact and defeat summary judgment. *See Thornhill Pub. Co., Inc.*
3 *v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**B. Analysis**

Plaintiffs set forth two issues for the Court to decide. First, Plaintiffs request summary judgment as to the Third Cause of Action for Violation of California Civil Code Section 52.1. Second, Plaintiffs request that the Court make a finding that the number of class members totals 4989.

1. California Civil Code Section 52.1

Plaintiffs' Third Cause of Action alleges that Defendants interfered with class members' exercise or enjoyment of constitutional rights by threats, intimidation, or coercion, in violation of Cal. Civil Code §52.1. Cal. Civil Code §52.1 provides for damages under Civil Code §52, which, in turn, provides for damages "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($ 4,000), and any attorney's fees that may be determined by the court in addition thereto." Plaintiffs contend that the remedies set forth in this section apply to the present case.

In the companion case of *Way v. County of Ventura,* this Court held that the County's strip search policy violated plaintiffs' Fourth Amendment right to be free from unreasonable searches. *See* Order of July 22, 2002. However, the Court made no findings as to whether threats, intimidation or coercion had been used to conduct the strip searches. Nor do Plaintiffs offer any evidence about the use of the threats, intimidation or coercion in this Motion for Partial Summary Judgment. Plaintiffs simply assert that class members' rights were violated "through intimidation and coercion with the threat of being incarcerated if they did not acquiesce to the mandatory strip/visual body cavity search." The use of intimidation, coercion or threats is a separate element of Civil Code §52.1 that must be proven. *See, e.g., Jones v. Kmart Corp.,* 17 Cal.4th 329, 338 (1988) (finding that, "as long as

interference or attempted interference with [rights] is accompanied by threats, intimidation, or coercion, section 52.1 provides remedies for that misconduct"). Since the Court denies summary judgment as to the third cause of action based on Plaintiffs fail to offer any evidence of intimidation, coercion or threats, the Court need not reach the issue of whether §52.1 can be invoked in a class action and whether claims under this section may be brought in federal court.

2. Class Size

Plaintiffs also request that the Court make a finding as to the size of the class. Plaintiffs assert that there are 4989 class members. Plaintiffs rely on the September 4, 2003 deposition of Commander Mark Ball of the Ventura County Jail, which includes exhibits that specify the total booking including a charge of Section 11550 for each year from 1998 to 2003, as well as a booking count for Section 11550 arrests for each month from June 2002 to July 2003. Since the class period is from December 24, 2001 to March 27, 2003, Plaintiffs estimate the number of persons booked during December 2001 and March 2003 by calculating the average number of people strip searched per day in each of these years.

Defendants reject 4989 as the number of class members for several reasons. Defendants contend that persons who were convicted of additional offenses and those released into the general jail population should be excluded from the class. The Court rejected these arguments in denying Defendants' Motion to Amend the Class on August 30, 2004. However, Defendants also contend that the number of persons charged with a violation of Section 11550 who were strip searched at Ventura County Jail between December 24, 2001 and March 27, 2003 was 4429, not 4989 as stated by Plaintiffs. Defendants rely on the March 26, 2004 deposition of Renee Ferguson, who is a sergeant with the Ventura County Jail. However, Defendants do not submit the underlying evidence that supports Ms. Ferguson's declaration. Since there is a factual dispute as to the number of persons charged with Section 11550 violations who were strip searched during the class period, and

the Court does not have the underlying evidence supporting the declarations of either Commander Ball or Ms. Ferguson, the Court declines to make a finding as to the number of class members at this time.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Summary Judgment as to Plaintiff's Third Cause of Action for Violation of California Civil Code Section 52.1 and Section 52. In addition, the Court **DENIES** Plaintiffs' request for a finding that the number of class members totals 4989.

**IT IS SO ORDERED.**

DATE: December 7, 2004

**CONSUELO B. MARSHALL**
**UNITED STATES DISTRICT JUDGE**