Barrett S. Litt, State Bar No. 45527
Litt, Estuar, Harrison & Kitson, LLP
E-Mail: blitt@littlaw.com
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
Telephone: (213) 386-3114
Facsimile: (213) 380-4585

Attorneys for Plaintiffs

Jeffrey Held, Esq.
Law Offices of Alan E. Wisotsky
300 Esplanade Drive., Suite 1500
Oxnard, CA 93036
Telephone: (805) 278-0920
Facsimile: (805) 278-0289
lawyers@wisotskylaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GAMINO, individually and as class representative; KATHY CONLEY, individually and as class representative; ED FERREL, individually and as class representative, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF VENTURA; VENTURA COUNTY SHERIFF BOB BROOKS, individually and in his capacity as Sheriff of Ventura County; DOES 1-10, <br><br> Defendants. | CASE NO. CV-02-9785 CBM (Ex) <br><br> [Honorable Consuelo B. Marshall] <br><br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF COMPUTERIZED DATA. |

1

# RECITALS

WHEREAS the parties participated in a mediation session on January 30-31, 2008.

WHEREAS, at the mediation, the parties reached a settlement in principal, subject to approval by the County of Ventura's Board of Supervisors and insurers.

WHEREAS, a condition of the settlement is that Plaintiffs be able to independently verify that the class list proposed by Defendants is correct.

WHEREAS, to accomplish this verification, Plaintiffs have requested, and Defendants have agreed to provide, subject to the protections of this Stipulated Order, 1) the full electronic list of all arrests for the class period; 2) data manuals, code manuals and the like to understand the computer system; 3) the computer logic for each computer query intended to identify class members, with a plain English explanation of what the computer logic is intended to determine and why; and 4) cooperation as needed between Plaintiffs' and Defendants' computer consultants. (The information to be provided under this provision is hereafter referred to as "Sheriff's Computer Data".)

WHEREAS (a) Defendants are concerned that turning over inmate data discovery, some of it potentially inclusive of non-class members, without a protective order could result in the violation of the privacy rights of inmates whose names and other personal information are contained in the database; (b) this Court has previously ruled that the interests of the class in being notified outweighed any privacy interests affected by such disclosure (s*ee, e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) (rule 23(c)(2) provides that " 'the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort' "; the Advisory Committee for Rule 23 "described subdivision (c)(2) as 'not merely discretionary' and added that the 'mandatory notice pursuant to subdivision (c)(2) . . . is designed to fulfill requirements of due

process to which the class action procedure is of course subject.'"); *Breed v. United States District Court,* 542 F.2d 1114 (9th Cir.1976) (district court properly declined to apply state privilege in civil rights action in federal court, citing *Kerr v. United States District Court,* 511 F.2d 192 (9th Cir.1975)); (c) in so ruling, this Court rejected Defendants' privacy objection (which objection Defendants continue to maintain) that the existence of state privacy privileges prevented disclosure to Plaintiffs of such information (see *Denari v. Superior Court*, 215 Cal.App.3d 1488, 1495, 264 Cal.Rptr. 261, 264 (Cal.App. 5 Dist.,1989); and (d) Plaintiffs are forbidden from contacting or notifying any individual so disclosed until the existence of a booking charge of Health and Safety Code Section 11550 during the time limit of the class is ascertained, without further agreement of the parties or order of the Court.

      The parties hereby stipulate to entry of the following protective order, and agree to be bound by its terms while the request for the order is pending. If the Court declines to enter the order, the parties agree to be bound by its terms nonetheless.

      1.    The parties designate the Sheriff's Computer Data and any other inmate data discovery materials that may be provided as CONFIDENTIAL.

      2.    By designating the above matter as CONFIDENTIAL, the parties certify to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c).

      3.    The Sheriff's Computer Data designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of settlement of this action and for no other purpose.

      4.    The Sheriff's Computer Data produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the

paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the settlement of this action; and

    (b)    any other person as to whom the parties in writing agree.

Prior to receiving any CONFIDENTIAL material, any "qualified person" other than the party providing the data to have access to this information shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment "A", a copy of which shall be provided forthwith to counsel for each other party and for the parties.

5. Under this Stipulated Order, Defendants shall provide all computerized data regarding bookings that Plaintiffs seek for the class period (December 24, 2001, to March 27, 2003), except that the information described in the following paragraph may be removed.

6. The parties agree that Defendants may exclude from the database the names, addresses, telephone numbers and other personal contact information of any inmate, provided the following:

    a.    To the extent it does not already exist in the database, Defendants assign a unique identifier to each inmate booking event and each inmate; and

    b.    The unique identifier(s) must appear in each set of data (e.g., housing location, booking event, court appearances, and release information) related to that inmate booking event to the extent needed to relate it to that unique booking event for that individual.

7. The agreement to redact inmate personal information as listed in paragraph 5, above, shall apply to the full data provided. However, since a class of those strip searched while being charged with violation of H&S §11550 has been certified, Plaintiffs shall be provided all identifying information for those people

who are in fact class members (a sub-set of the data to be provided) in a computerized format once that list is finally determined.

8. In the unlikely event Plaintiffs deem it necessary to discover the identities and personal contact information of inmates in the database who are not class members, Plaintiffs' counsel will notify Defendants' counsel in writing of their need for such personal information. If after five (5) days the parties are unable to reach agreement on production of inmate personal information, then the parties shall take the matter up with Retired United States District Judge Raul Ramirez, who mediated the case.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action.

10. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. By virtue of this order, the Court acknowledges that Defendants are producing the Sheriff's Computer Data despite its objection. The Court acknowledges that the disclosure called for by this order is not a voluntary action by the Defendants. Defendants are held harmless from any claim that, by virtue of this disclosure, they violated the privacy rights of any person whose information is ordered provided herein or in previous orders.

11. Upon termination of this case (as defined by the expiration of the appeal period), counsel for the Plaintiffs shall assemble and return all documents,

1  material and data, including the Sheriff's Computer Data designated as confidential
2  under the terms of this Order, and all copies of same, or shall certify the
3  destruction thereof. If Plaintiffs' counsel fail to notify the Defendants within 30
4  days of termination of the case, Defendants shall notify Plaintiffs of this obligation,
5  after which Plaintiffs shall comply within 14 days of such notification. The parties
6  agree that the Sheriff's Computer Data produced under this Order shall not be used
7  by Plaintiffs or Plaintiffs' counsel in any other claim, suit or proceeding.

Dated: February 20, 2008          Litt, Estuar et al.

                                  By: _/s/ Barrett S. Litt_____
                                      Barrett S. Litt
                                      Attorney for Plaintiffs

Dated: February 20, 2008          LAW OFFICES OF ALAN E. WISOTSKY

                                  By: __/s/ Jeffrey Held _____
                                      Jeffrey Held
                                      Attorney for Defendants

**APPROVED AND IT IS SO ORDERED.**

Dated: February ____, 2008         _____
                                      United States District Judge
                                      Consuelo B. Marshall

Attachment "A"

<u>NONDISCLOSURE AGREEMENT</u>

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in Gamino, et al., v. County of Ventura, et al., United States District Court for the Central District of California, Civil Action No. CV-02-9785 CBM and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

_____
SIGNATURE