```
                                    FILED
                            CLERK, U.S. DISTRICT COURT

                                  FEB 25 2008

                            CENTRAL DISTRICT OF CALIFORNIA
                            BY                      DEPUTY
```

1  Barrett S. Litt, State Bar No. 45527
   Litt, Estuar, Harrison & Kitson, LLP
2  E-Mail: blitt@littlaw.com
   1055 Wilshire Boulevard, Suite 1880
3  Los Angeles, California 90017
4  Telephone: (213) 386-3114
   Facsimile: (213) 380-4585
5
6  Attorneys for Plaintiffs

7  Jeffrey Held, Esq.
   Law Offices of Alan E. Wisotsky
8  300 Esplanade Drive., Suite 1500
9  Oxnard, CA 93036
   Telephone: (805) 278-0920
10 Facsimile: (805) 278-0289
   lawyers@wisotskylaw.com
11
12 Attorneys for Defendants

13
                 UNITED STATES DISTRICT COURT
14
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
15

16 | JUAN GAMINO, individually and as        | CASE NO. CV-02-9785 CBM (Ex)
17 | class representative; KATHY              |
   | CONLEY, individually and as class       | [Honorable Consuelo B. Marshall]
18 | representative; ED FERREL,              |
   | individually and as class representative,|
19 |                                          | [~~PROPOSED~~] STIPULATED
20 |     Plaintiffs,                          | PROTECTIVE ORDER REGARDING
   |                                          | PRODUCTION OF COMPUTERIZED
21 | v.                                       | DATA.
22 | COUNTY OF VENTURA;                       |
23 | VENTURA COUNTY SHERIFF BOB               |
   | BROOKS, individually and in his          |
24 | capacity as Sheriff of Ventura County;   |
   | DOES 1-10,                               |
25 |                                          |
26 |     Defendants.                          |

27
28

                                    1

## RECITALS

WHEREAS the parties participated in a mediation session on January 30-31, 2008.

WHEREAS, at the mediation, the parties reached a settlement in principal, subject to approval by the County of Ventura's Board of Supervisors and insurers.

WHEREAS, a condition of the settlement is that Plaintiffs be able to independently verify that the class list proposed by Defendants is correct.

WHEREAS, to accomplish this verification, Plaintiffs have requested, and Defendants have agreed to provide, subject to the protections of this Stipulated Order, 1) the full electronic list of all arrests for the class period; 2) data manuals, code manuals and the like to understand the computer system; 3) the computer logic for each computer query intended to identify class members, with a plain English explanation of what the computer logic is intended to determine and why; and 4) cooperation as needed between Plaintiffs' and Defendants' computer consultants. (The information to be provided under this provision is hereafter referred to as "Sheriff's Computer Data".)

WHEREAS (a) Defendants are concerned that turning over inmate data discovery, some of it potentially inclusive of non-class members, without a protective order could result in the violation of the privacy rights of inmates whose names and other personal information are contained in the database; (b) this Court has previously ruled that the interests of the class in being notified outweighed any privacy interests affected by such disclosure (see, e.g., *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) (rule 23(c)(2) provides that " 'the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort' "; the Advisory Committee for Rule 23 "described subdivision (c)(2) as 'not merely discretionary' and added that the 'mandatory notice pursuant to subdivision (c)(2) . . . is designed to fulfill requirements of due

1. process to which the class action procedure is of course subject.'"); *Breed v. United States District Court,* 542 F.2d 1114 (9th Cir.1976) (district court properly declined to apply state privilege in civil rights action in federal court, citing *Kerr v. United States District Court,* 511 F.2d 192 (9th Cir.1975)); (c) in so ruling, this Court rejected Defendants' privacy objection (which objection Defendants continue to maintain) that the existence of state privacy privileges prevented disclosure to Plaintiffs of such information (see *Denari v. Superior Court*, 215 Cal.App.3d 1488, 1495, 264 Cal.Rptr. 261, 264 (Cal.App. 5 Dist.,1989); and (d) Plaintiffs are forbidden from contacting or notifying any individual so disclosed until the existence of a booking charge of Health and Safety Code Section 11550 during the time limit of the class is ascertained, without further agreement of the parties or order of the Court.

The parties hereby stipulate to entry of the following protective order, and agree to be bound by its terms while the request for the order is pending. If the Court declines to enter the order, the parties agree to be bound by its terms nonetheless.

1.   The parties designate the Sheriff's Computer Data and any other inmate data discovery materials that may be provided as CONFIDENTIAL.

2.   By designating the above matter as CONFIDENTIAL, the parties certify to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c).

3.   The Sheriff's Computer Data designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of settlement of this action and for no other purpose.

4.   The Sheriff's Computer Data produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the

paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

  (a) experts or consultants (together with their clerical staff) retained by such counsel to assist in the settlement of this action; and

  (b) any other person as to whom the parties in writing agree.

Prior to receiving any CONFIDENTIAL material, any "qualified person" other than the party providing the data to have access to this information shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment "A", a copy of which shall be provided forthwith to counsel for each other party and for the parties.

  5. Under this Stipulated Order, Defendants shall provide all computerized data regarding bookings that Plaintiffs seek for the class period (December 24, 2001, to March 27, 2003), except that the information described in the following paragraph may be removed.

  6. The parties agree that Defendants may exclude from the database the names, addresses, telephone numbers and other personal contact information of any inmate, provided the following:

  a. To the extent it does not already exist in the database, Defendants assign a unique identifier to each inmate booking event and each inmate; and

  b. The unique identifier(s) must appear in each set of data (e.g., housing location, booking event, court appearances, and release information) related to that inmate booking event to the extent needed to relate it to that unique booking event for that individual.

  7. The agreement to redact inmate personal information as listed in paragraph 5, above, shall apply to the full data provided. However, since a class of those strip searched while being charged with violation of H&S §11550 has been certified, Plaintiffs shall be provided all identifying information for those people

1  who are in fact class members (a sub-set of the data to be provided) in a
2  computerized format once that list is finally determined.
3      8.   In the unlikely event Plaintiffs deem it necessary to discover the
4  identities and personal contact information of inmates in the database who are not
5  class members, Plaintiffs' counsel will notify Defendants' counsel in writing of
6  their need for such personal information. If after five (5) days the parties are unable
7  to reach agreement on production of inmate personal information, then the parties
8  shall take the matter up with Retired United States District Judge Raul Ramirez,
9  who mediated the case.
10     9.   Nothing herein shall impose any restrictions on the use or disclosure
11 by a party of material obtained by such party independent of discovery in this
12 action, whether or not such material is also obtained through discovery in this
13 action.
14     10.  This Order is entered solely for the purpose of facilitating the
15 exchange of documents and information between the parties to this action without
16 involving the Court unnecessarily in the process. Nothing in this Order nor the
17 production of any information or document under the terms of this Order nor any
18 proceedings pursuant to this Order shall be deemed to have the effect of an
19 admission or waiver by either party or of altering the confidentiality or non-
20 confidentiality of any such document or information or altering any existing
21 obligation of any party or the absence thereof. By virtue of this order, the Court
22 acknowledges that Defendants are producing the Sheriff's Computer Data despite
23 its objection. The Court acknowledges that the disclosure called for by this order is
24 not a voluntary action by the Defendants. Defendants are held harmless from any
25 claim that, by virtue of this disclosure, they violated the privacy rights of any
26 person whose information is ordered provided herein or in previous orders.
27     11.  Upon termination of this case (as defined by the expiration of the
28 appeal period), counsel for the Plaintiffs shall assemble and return all documents,

1. material and data, including the Sheriff's Computer Data designated as confidential
2. under the terms of this Order, and all copies of same, or shall certify the
3. destruction thereof. If Plaintiffs' counsel fail to notify the Defendants within 30
4. days of termination of the case, Defendants shall notify Plaintiffs of this obligation,
5. after which Plaintiffs shall comply within 14 days of such notification. The parties
6. agree that the Sheriff's Computer Data produced under this Order shall not be used
7. by Plaintiffs or Plaintiffs' counsel in any other claim, suit or proceeding.

Dated: February 20, 2008        Litt, Estuar et al.

By: _/s/ Barrett S. Litt_____
    Barrett S. Litt
    Attorney for Plaintiffs

Dated: February 20, 2008        LAW OFFICES OF ALAN E. WISOTSKY

By: __/s/ Jeffrey Held _____
    Jeffrey Held
    Attorney for Defendants

**APPROVED AND IT IS SO ORDERED.**

Dated: February 25, 2008

United States ~~District Judge~~
~~Consuelo B. Marshall~~
Magistrate Judge
Charles F. Eick

Attachment "A"

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in Gamino, et al., v. County of Ventura, et al., United States District Court for the Central District of California, Civil Action No. CV-02-9785 CBM and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

_____
SIGNATURE