1  Earnest C.S. Bell, State Bar No. 159387
   Law Office of Earnest C.S. Bell
2  3897 Market Street
   Ventura, California 93003
3  Telephone: (805) 650-5458
   Facsimile: (805) 650-3778
4

5  Barrett S. Litt, State Bar No. 45527
   Litt, Estuar, Harrison & Kitson, LLP
6  E-Mail: blitt@littlaw.com
   1055 Wilshire Boulevard, Suite 1880
7  Los Angeles, California 90017
   Telephone: (213) 386-3114
8  Facsimile: (213) 380-4585

9  Attorneys for Plaintiffs

   Jeffrey Held, State Bar No. 106991
   Law Offices of Alan Wisotsky
   lawyers@wisotskylaw.com
   300 Esplanade Drive., Suite 1500
   Oxnard, CA 93036
   Telephone: (805) 278-0920
   Facsimile: (805) 278-0289

   Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GAMINO, individually and as class representative; KATHY CONLEY, individually and as class representative; ED FERREL, individually and as class representative,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF VENTURA; VENTURA COUNTY SHERIFF BOB BROOKS, individually and in his capacity as Sheriff of Ventura County; DOES 1-10,<br><br>Defendants. | CASE NO. CV-02-9785 CBM (Ex)<br><br>[Honorable Consuelo B. Marshall]<br><br>[PROPOSED] PRELIMINARY APPROVAL ORDER OF CLASS SETTLEMENT<br><br>DATE:    AUGUST 4, 2008<br>TIME:    10:00 A.M.<br>CRTRM:   2 |

1

ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

Upon review and consideration of the Settlement Agreement (a copy of which is attached to this Order as Exhibit A) and the exhibits attached thereto (the "Settlement Agreement") made and entered into on July 25, 2008, between the Named Plaintiffs in the above-captioned action (the "Class Representatives"), individually and as representatives of the classes certified in this case, and the Defendants, County of Ventura and Sheriff Bob Brooks,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

## I.     PRELIMINARY APPROVAL OF SETTLEMENT

1. This Order incorporates by reference the definitions in the Settlement Agreement (Exhibit A), and also incorporates Exhibits B through G, thereto. All terms defined therein shall have the same meaning in this Order.

2. The Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole the settlement payment of amounts ranging from

    (a) $2,300 for those strip searched on the basis of being charged with violation of H&S Code § 11550, with no accompanying charge involving weapons, violence or drugs (beyond being under the influence). An SCM (Settlement Class Member) who qualifies for a payment under this paragraph and was subjected to a second separate and distinct arrest, booking and Strip Search during the Class Period that otherwise qualifies under this sub-paragraph, shall receive a one-time only payment of $700 for the second search;

    (b) $650 for those strip searched on the basis of being charged with violation of H&S Code § 11550, with an accompanying charge involving drugs (beyond being under the influence); and

2

ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

(c) $250 for those strip searched on the basis of being charged with violation of H&S Code § 11550, with an accompanying charge involving weapons or violence.

(d) $1,400,000 in attorney's fees and costs, subject to approval of the Court at the Final Approval Hearing; and

(e) $50,000 damages award to each Named Plaintiff, subject to approval of the Court at the Final Approval Hearing.

3. The Court approves the process for sending Identified Class Members class and claim forms, as set forth in the Settlement Agreement.

4. The Court approves the publication of summary class notice, as set forth in the Settlement Agreement.

5. The Court approves the process for identifying Possible Class Members, sending them Claim Information Letters, class notice and Claim Forms; and the process for determining which are class members, as set forth in the Settlement Agreement.

6. Defendants shall pay the Class Administrator all sums necessary to effectuate the terms of the Settlement Agreement and this Order, as set forth in the Settlement Agreement.

7. The Court preliminarily concludes that the terms of the Settlement Agreement satisfy the Federal Rules of Civil Procedure 23(e) and due process requirements.

**II.  DEADLINES FOR NOTICE, FILING OBJECTIONS AND OPT-OUTS, AND DATE OF FAIRNESS HEARING**

8. The Court has set the following dates for purposes of this class action:
   (a) Final class identifying information has already been provided to class counsel in computerized form by the Defendants;
   (b) Mailing Class and Settlement Notice, and Claim Forms, to Identified

Class Members, and mailing Claim Information Letters, Class and Settlement Notice, and Claim Forms, to Possible Class Members as defined in the Settlement Agreement (Exhibit A), to be completed within two consecutive business days from start to finish: The first such mailing must be postmarked by September 22, 2008, and the last such mailing must be postmarked within one business day thereafter;

(c) Publication of summary notice as provided in the Settlement Agreement (Exhibit A): effected by October 6, 2008;

(d) Filing of Plaintiffs' Motion for Award of Attorneys' Fees and Costs: Must be filed by October 27, 2008;

(e) Filing of Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Approval of Settlement of Attorneys' Fees and Costs): Must be filed by November 24, 2008;

(f) Deadline to opt-out: Must be postmarked or received by December 22, 2008;

(g) Deadline for filing class claims: Must be postmarked or received by December 22, 2008;

(h) Filing of Opposition or Reply to Objections (including to objections to award of attorneys' fees and costs): Must be filed by December 22, 2008; and

(i) Final Approval Hearing: January 19, 2009.

9. In the event that the class notice is not mailed and initially published within the time specified herein, the subsequent dates contained herein will be deferred for the number of additional days before such notice occurs without the need for additional court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

## III. CERTIFICATION OF CLASS AND STRIP SEARCH CLASS

10. The Court has previously certified Strip Search Classes under Fed. R. Civ. P. 23(b)(3). This is a class action, certified under Fed. R. Civ. P. 23(b)(3) for damages and monetary relief. Class members have a right to opt out of the settlement.

11. The Court hereby reaffirms the class definition previously agreed to between the parties and ordered by the Court on September 23, 2003, which reads as follows: "Any pretrial detainee in the Ventura County Jail for violation of Health and Safety Code § 11550 so that, in accordance with the Ventura County Sheriff's Department's policy, such arrestee was subject to a visual-only unclothed body cavity search." Although the September 23, 2003, Order did not specify the dates encompassing the class period, the parties have since agreed, and the Court finds, that the class period is December 24, 2001 through March 27, 2003.

12. Defendants believe that the Court's class definition unambiguously does not include those persons who were arrested for failure to appear on a bench warrant in which the original arrest involved H&S Section 11550 and in which the original arrest predated the Class Period. Defendants believe that such warrant arrestees were never identified as potential class members by Plaintiffs' class action complaint. The class representatives do not include any individuals who were arrested pursuant to an alleged violation of H&S Section 11550 beyond the temporal limits of the adjudicated Class Period, later re-arrested pursuant to a bench warrant for failure to appear in court. This issue was never presented to this Court. Defendants believe that class inclusion of arrestees who were the subject of a bench warrant because they failed to appear in court, but were not arrested for an alleged violation of H&S Section 11550 during the Class Period would be meritless and would complicate settlement.

13. Plaintiffs' counsel take no position on this issue and leave the matter

1   to the Court. Plaintiffs' counsel believe that insisting on inclusion of warrant
2   arrests could complicate settlement, which is not in the interest of the class as a
3   whole.   However, since Plaintiffs' counsel consider the class definition
4   ambiguous, they do not want to be in a position where any action taken by them
5   could be construed to be adverse to a section of the class. Therefore, Plaintiffs'
6   counsel take no position on this issue and defer to the Court.

7   14.   The Court hereby reaffirms the class definition and clarifies that the
8   class definition does not include those persons who were not arrested for H&S
9   Section 11550 during the Class Period.[1]

10   15.   Pursuant to the terms of the settlement agreement, if the total number
11   of Opt-Outs exceeds 25, Defendants, in their sole discretion, may rescind their
12   acceptance of the Settlement Agreement.  Defendants, in exercising this right of
13   rescission, shall provide the Administrator and Class Counsel with written notice
14   of rescission within 20 days after receipt of the Administrator's report providing
15   the total number of Opt-Outs.  In the event Defendants exercise their right of
16   rescission in accordance with this paragraph, any funds paid or deposited pursuant
17   to this Settlement Agreement shall be returned to Defendants within 10 days of the
18   exercise of the right to rescind, less any expenses, fees and costs incurred by the
19   Administrator.

20   16.   By virtue of this proposed Preliminary Approval Order, the parties
21   submit, and the Court finds that, to the extent the Court has not already so found,
22   all the criteria of Fed. R. Civ. P. 23(a) and (b)(3) are met for all the classes being
23   settled herein. Specifically, the Court finds that all the criteria of Rule 23(a) are

---

[1] The parties wish to call to the Court's attention that the limitation of this settlement excluding warrant arrests was a material condition of the settlement agreement. Should the Court ultimately conclude that that limitation requires revision, the parties would have to determine whether they would still be able to reach settlement and accordingly would have to re-negotiate settlement terms.

met, to wit, 1) that the class is so numerous that joinder of all members individually is impracticable, 2) that there are questions of law or fact common to the class, 3) that Plaintiffs' claims are typical of the claims of class members, and 4) that the persons representing the class must be able fairly and adequately to protect the interests of all members of the class. The Court further finds, pursuant to the provisions of Rule 23(b)(3) that 1) the common factual and legal issues predominate over any such issues that affect only individual class members, and 2) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further concludes that nothing in the parties' settlement alters, but rather, if anything, reinforces, the prior conclusions it reached regarding the desirability of the class action mechanism as a means of resolving the claims in this case.

17.   For purposes of settlement, the parties have determined from the County's records Identified Class Members and Possible Class Members and reached agreement regarding who belongs, or may belong in the class for purposes of this settlement. Only persons who have been jointly identified by the parties through this process, described in greater detail in the Settlement Agreement (Ex. A), qualify as Identified or Possible Class Members for purposes of this settlement. The process has entailed reaching agreement on the computer programming logic to be applied to the Defendants' data to determine who fits the class definitions, and who are actual or possible class members. Anyone not so identified is not a member of the class, or a possible class member. If a person is not so identified, he or she has the right to pursue his or her own claim should s/he so choose. Such persons are not considered opt-outs for they were never members of the classes certified herein.

18.   Defendants' stipulations are for purposes of settlement only, and if this Settlement is not finally approved or does not become effective for any

7

ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

reason, Defendants retain their right to contend that persons agreed on as class members for this settlement are not in fact class members.

### IV. NAMED PLAINTIFFS/CLASS REPRESENTATIVES

19. Juan Gamino, Kathy Conley and Ed Ferrel.

### V. CLAIMS ADMINISTRATOR

20. The Court approves Class Counsel's retention of Gilardi & Company LLC as Claims Administrator to administer the distribution of the Class and Settlement Notice, and publication of the Class and Settlement Notice, and to distribute the proceeds of the settlement to all eligible Class Members pursuant to the terms set forth in the Settlement Agreement (Exhibit A) and the Final Order of Approval and Settlement (Exhibit G) should the Court grant final approval. Gilardi & Company LLC were chosen by defense counsel pursuant to the terms of a Memorandum of Understanding entered into by the parties, under which Defendants would choose "a reputable, experienced Third Party Administrator who is in the business of class administration." Plaintiffs agree that Gilardi & Company LLC meets this standard based on its experience and reputation in this area.

21. The Claims Administrator's responsibilities shall include mailing notice to identified and possible class members, publishing notice, processing claims and otherwise engaging in the activities needed to administer the class claims. The specific duties of the Claims Administrator between this Preliminary Approval Order and the Final Approval Order are set forth in ¶¶ 35-44 of the Settlement Agreement (Ex. A), the provisions of which are incorporated herein and approved.

22. The Claims Administrator shall be compensated by Defendants for its services, and any costs associated with them, in connection with notice and administration and for the costs of giving mailed and published notice, pursuant to

8

such orders as the Court may enter from time to time, including this one. Such payment shall be separate from the payment of Named Plaintiffs awards (see ¶ 2(e) *supra*), attorneys' fees and costs (see ¶ 2(d) *supra*), and payments to class members who file claims that are accepted (see ¶¶ 2(a), (b), (c) *supra*).

## VI. SPECIAL MASTER

23. The Special Master referred to in the Settlement Agreement shall be retired United States District Judge Raul A. Ramirez.

## VII. CLASS COUNSEL

24. Barrett S. Litt and Earnest C. S. Bell are hereby confirmed as counsel for the Class Representatives and the Class ("Class Counsel").

25. Class Counsel are authorized to act on behalf of the Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

26. At the Fairness Hearing, Class Counsel shall make an application for approval of Class Fund Attorneys' Fees in the amount of $1,400,000 including costs.

## VIII. CLASS AND SETTLEMENT NOTICE

27. The parties shall provide the Class and Settlement Notice, and the Claim Form, to the Claims Administrator for distribution according to the schedule set forth above. The Claims Administrator shall additionally cause publication in the form of a modified and shortened form of the Class Notice, in the publications set forth in ¶ 34 of the Settlement Agreement (Ex. A) and on the schedule set forth above.

28. The parties shall also provide the Claim Information Letter (Exhibit D) to the Claims Administrator for distribution to Possible Class Members (along

with the Class and Settlement Notice, and the Claim Form), according to the schedule set forth above.

29. Defendants will provide the name, address, social security number, date of birth, driver's license information, and any other identifying information, of Identified and Possible Class Members to the Claims Administrator in computerized form, to facilitate locating them. Such information shall be confidential, and may not be disclosed to anyone except counsel of record, the Claims Administrator, and designated representatives of Defendants. Should the Defendants discover at any time any additional information containing relevant class information, they shall promptly provide it to the Claims Administrator.

30. Provision of the data specified in ¶28 is determined by the Court to be necessary to identify and notify potential or actual class members. Accordingly, the provision of such data is the product of this court order, is absolutely privileged and cannot be the basis of any lawsuit, for privacy breach or otherwise, under any federal or state cause of action, in any federal or state court.

31. Defendants shall provide the Class Administrator the electronic data specified in ¶ 28 within five business days of the signing of this Preliminary Approval Order.

32. At least 10 days before the Fairness Hearing, the Claims Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this Order governing Class and Settlement Notice. This shall include a list of all people who have opted out of the class.

33. The Court approves the Class and Settlement Notice attached as Exhibit C.

34. The Court approves the Claim Form attached as Exhibit B.

35. The Court approves the Claim Information Letter attached as Exhibit D.

36.     The Court finds that the notice required by the foregoing provisions of this Order is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all Class Members and other persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 Federal Rules of Civil Procedure and due process.

**IX.     THE FAIRNESS HEARING**

37.     A Fairness Hearing shall be held on January 19, 2009, to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) whether the Final Order of Approval and Settlement, attached as Exhibit G, should be entered in its current or some modified form; and (c) the application by Class Counsel for approval of the settlement of attorneys' fees and expenses (the "Fee Motion").

38.     The date and time of the Fairness Hearing shall be set forth in the Class and Settlement Notice, but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court and on the Court's web site.

39.     Any Class Member who objects to the approval of the Settlement Agreement, the Fee Settlement, the Named Plaintiffs' Distribution or the schedule of recovery for the class members, and has filed a timely objection (i.e., by November 24, 2008), may appear at the Fairness Hearing and show cause why the Settlement Agreement, the Fee Settlement, the Named Plaintiffs' Distribution or the or the schedule of recovery for the class members should not be approved as fair, reasonable, and adequate, and why the Final Order of Approval and Settlement should not be entered, except that no such Class Member may appear at the Fairness Hearing unless the Class Member, no later than December 22, 2008, (a) files with the Clerk of the Court a notice of such person's intention to appear, a statement that indicates the basis and grounds for such person's objection to the

11

ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

Settlement Agreement, the Fee Settlement, the Named Plaintiffs' Distribution and/or the or the schedule of recovery for the class members, and all documentation, papers, or briefs in support of such objection; and by the same date (b) serves upon all Counsel to the Parties (as listed in the Notice of Proposed Settlement), either in person or by mail, copies of such notice of intention to appear, statement of objections and all documentation, papers, or briefs that such person files with the Court. The required documentation shall include information demonstrating that the objector is a Class Member, including name, address, date of arrest to the extent known, date of birth, and provides to counsel for all Parties their Driver's License number and Social Security number. Final determination of whether any such objector is a class member who has standing to object shall be determined solely from the Defendants' records, from which the list of identified and possible class members has been compiled. In the absence of the timely filing and timely service of the notice of intention to appear and all other materials required by this paragraph, any objection shall be deemed untimely and denied.

40. Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.

41. In the event of final approval of the Settlement Agreement, all Class Members (except those who have opted out) shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

## X. OTHER PROVISIONS

42. In the event the Settlement is not finally approved or is otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the <u>status quo ante</u> rights of Plaintiffs, Defendants, and Class Members.

DATED: _____      _____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

Submitted jointly by:

Barrett S. Litt
Earnest C.S. Bell

By: _____
Barrett S. Litt
Attorney for Plaintiffs

Jeffrey Held

By: _____
Jeffrey Held
Attorney for Defendants

ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT