1    Earnest C.S. Bell, State Bar No. 159387
     Law Office of Earnest C.S. Bell
2    3897 Market Street
     Ventura, California 93003
3    Telephone:  (805) 650-5458
     Facsimile:  (805) 650-3778
4

5    Barrett S. Litt, State Bar No. 45527
     Litt, Estuar, Harrison & Kitson, LLP
6    E-Mail: blitt@littlaw.com
     1055 Wilshire Boulevard, Suite 1880
7    Los Angeles, California  90017
     Telephone:  (213) 386-3114
8    Facsimile:  (213) 380-4585

9    Attorneys for Plaintiffs

10

11

12

13

Jeffrey Held, State Bar No. 106991
Law Offices of Alan Wisotsky
lawyers@wisotskylaw.com
300 Esplanade Drive., Suite 1500
Oxnard, CA 93036
Telephone:  (805) 278-0920
Facsimile:   (805) 278-0289

Attorneys for Defendants

14 

UNITED STATES DISTRICT COURT

15

FOR THE CENTRAL DISTRICT OF CALIFORNIA

16 

17   JUAN GAMINO, individually and as

18   class representative; KATHY
     CONLEY, individually and as class
19   representative; ED FERREL,
     individually and as class representative,
20

21            Plaintiffs,

22

23            v.

24   COUNTY OF VENTURA;
     VENTURA COUNTY SHERIFF BOB
     BROOKS, individually and in his
25   capacity as Sheriff of Ventura County;
     DOES 1-10,

26            Defendants.

27

28

CASE NO. CV-02-9785 CBM (Ex)

[Honorable Consuelo B. Marshall]

[~~PROPOSED~~] FINAL APPROVAL
ORDER OF CLASS SETTLEMENT

DATE:        FEBRUARY 2, 2009
TIME:         10:00 A.M.
CRTRM:      2

1

## I.   INTRODUCTION

This Lawsuit having come before this Court for a hearing, pursuant to this Court's Order Preliminarily Approving Proposed Settlement Between Plaintiffs and Defendant, dated August 5, 2008 (the "Preliminary Approval Order"), [Doc. No. 173], to consider and determine the matters set forth in the Preliminary Approval Order; and due notice of said hearing having been published and given; and all persons that made timely objections to the proposed settlement set forth in the Settlement Agreement made and entered into on July 25, 2008 (attached as Exhibit 1 to this Order), and described in the Class and Settlement Notice, having been given an opportunity to present such objections to the Court; and the Court having considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel at said hearing; and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   Each term and phrase used in this Final Order of Approval and Settlement shall have the same definition and meaning as in the Settlement Agreement, as follows:

a.   "Administrator" means the claims administrator Gilardi & Company, LLC ("Gilardi"), as agreed upon by the parties and as appointed by the Court, to review and determine the validity and amount of claims submitted by a Settlement Class Member (SCM), (as defined herein), according to the procedures set forth herein.

b.   The "Bar Date" is the date by which any SCM who wishes to receive payment pursuant to the Settlement Agreement must file his/her Proof of Claim and Release Form (attached as Exhibit B to the Proposed Preliminary Approval Order, [Doc. No. 171]), objections to this Settlement Agreement, or request to be excluded from the class (opt-out). The Bar Date for any SCM is calculated as of the close of business

on the 90th day after the first day of mailing Class Notice (which mailing was to be completed within two consecutive business days from start to finish).

c.  "Class Counsel" means, Earnest C.S. Bell, The Law Offices of Earnest C.S. Bell, 3844 W. Channel Island Blvd., PMB 170, Oxnard, CA. 93035, and Barrett S. Litt, Litt, Estuar, Harrison & Kitson, 1055 Wilshire Blvd., #1880, Los Angeles CA. 90017.

d.  The "Class Notice" means the notice in a form substantially similar to that attached as Exhibit C to the Proposed Preliminary Approval Order, [Doc. No. 171], and such other summary notice published in accordance with the terms of the parties' Settlement Agreement.

e.  The "Claim Information Letter" means the claim letter inquiry in a form substantially similar to that attached as Exhibit D to the Proposed Preliminary Approval Order, [Doc. No. 171], which was mailed to Possible Settlement Class Members as defined herein, and thereby provided notice of this action, and which mailing was accompanied by the Class Notice and the Proof of Claim Form.

f.  The "Class Period" is December 24, 2001 to March 27, 2003.

g.  The Settlement Agreement "Database" is the information provided in hard copy and/or electronic form by the Defendants to the Administrator and Class Counsel no later than thirty (30) days from the date the Court granted preliminary approval of the terms of the Settlement Agreement which included, to the extent practicable, the name, address at time of booking, date of birth, Social Security Number, date(s) of arrest and known charges of the SCM arrested during the Class Period and booked at the Ventura County Jail. The Database is not to be provided by the Administrator or Class Counsel to any person, entity, party or any SCM.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

h.  The "Effective Date" means the date upon which a judgment entered by the Court approving the Settlement Agreement becomes final.  The Judgment will be deemed final only upon expiration of the time to appeal or, if a Notice of Appeal is filed, upon exhaustion of all appeals and petitions for writs of certiorari.

i.  "Identified Class Member" means those persons identified in the Database as having been charged with H&S §11550 during the Class Period.  This includes (1) those persons who were charged with violation of H&S §11550 as a primary charge during the Class Period and (2) those persons who where charged with violation of H&S §11550 as either a primary or secondary charge during the period of June 19, 2002 to March 27, 2003.

j.  An "Opt-Out" is any person in the Settlement Class who files a timely request for exclusion pursuant to the terms of this Settlement Agreement.

k.  The "Proof of Claim Form" means the Proof of Claim and Release Form required to be used to make a claim for payment under this settlement. A copy of the proposed Proof of Claim is attached as Exhibit B to the Proposed Preliminary Approval Order. [Doc. No. 171.]

l.  "Released Person" means the Defendants and their affiliates, subsidiaries, predecessors, successors, and/or assigns, together with past, present and future officials, employees, representatives, attorneys, and/or agents of the County of Ventura, Ventura County Sheriff's Department ("VCSD"), or any of them.  "Released Persons" also includes any and all insurance carriers, and/or their representatives and attorneys, for the Released Persons.

m.  A "Settlement Class Member" ("SCM") means any member of the Settlement Class including representatives, successors and assigns, who

4

qualify as either (1) an Identified Class Member, as defined herein in ¶ 1(i), *supra*, or (2) a Possible Settlement Class Member, as defined herein in ¶ 1(p), *infra*, who is in fact a member of the Settlement Class as defined in ¶ 1(n), *infra*,. Settlement Class Members include anyone meeting this definition, whether that individual filed a Class Claim or not, unless the individual files a valid and timely Request for Exclusion as provided for in this Settlement Agreement.

n. "Settlement Class" means those persons booked on violation of H&S §11550 at the Ventura County jail and subjected to a Strip Search between the period of December 24, 2001 and March 27, 2003.

o. "Strip Search" means a search conducted upon intake and booking by a corrections officer at the Ventura County jail in which the person was required to remove his or her clothing, including underwear, in the presence of the corrections officer.

p. "Possible Settlement Class Member" means those persons identified in the Defendants' computer system for the period December 24, 2001 to June 19, 2002 ("Computer System") who are not identified as being charged with H&S §11550 and contain a primary charge in the Computer System listed in Exhibit E to the Proposed Preliminary Approval Order. [Doc. No. 171.]

2. This Court has jurisdiction over this Lawsuit and each of the parties to it.

## II. OBJECTIONS

3. There have been no objections to the settlement and/or the Motion for an award of attorneys' fees filed. Accordingly, the Court need not address objections, and the award of attorneys' fees and costs is addressed in a separate Order.

**III.   OPT OUTS**

4.   Attached as Exhibit 2 to this Order is the Declaration of the Class Administrator ("Class Admin. Dec."), attesting to the performance of the class responsibilities required by the Preliminary Approval Hearing and the Settlement Agreement.

5.   There have been five (5) opt out notices filed. (*See* Class Admin. Dec. at Exhibit D)(identifying individuals who have opted out). Except for these opt outs, all class members are bound by the terms of this Order.

**IV.   CLAIMS FILED**

6.   The claims filing postmark deadline was on December 22, 2008.  As of January 5, 2009, Gilardi has received 1,010 timely Claim Forms and 1 late Claim Form. The processing of these claims forms has not been completed.

**V.   SETTLEMENT AGREEMENT APPROVED BECAUSE FAIR, ADEQUATE, AND REASONABLE**

7.   The settlement of this Lawsuit was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of bona fide and arm's-length negotiation conducted in good faith by the Parties and their counsel, with the assistance of an independent mediator, who is a retired United States District Judge.

8.   The Settlement Agreement and the settlement set forth therein are hereby approved and found to be fair, adequate, reasonable, in the best interest of the Class as a whole, and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

**VI.   CLASSES CERTIFIED UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(B)(3)**

9.   The Court has previously certified a strip search class in this case, initially in its Order of September 23, 2003, and subsequently in the Preliminary

Approval Order of Class Settlement, dated August 5, 2008.  The class has been certified under Fed. R. Civ. P. 23(b)(3), and class members had a right to opt out of the settlement and were provided the best practicable notice of such right.

## VII.  CLASS-WIDE PROSPECTIVE RELIEF

10.  As a result of this litigation, and the related litigation in *Way v. Ventura County*, Ventura County has ceased the practice of strip searching those arrested for violation of H&S Code § 11550 absent individualized reasonable suspicion.

## VIII. NOTICE

11.  As required by this Court in its Preliminary Approval Order: (a) Class and Settlement Notice were mailed by first-class mail to all Class Members or their representatives, as well as to Possible Class Members, whose addresses could be obtained with reasonable diligence, and to all potential Class Members who requested a copy; and (b) Class and Settlement Notice was published in a summary fashion as set forth in the Settlement Agreement and in the Preliminary Approval Order, all as more fully set forth in the Class Admin. Dec., dated January 6, 2009.

12.  The notice given to the class is hereby determined to be fully in compliance with requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all parties entitled thereto.

13.  Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the hearing, it is hereby determined that all Class Members, except those who have opted out of the settlement (who are listed in ¶ 4, above) are bound by this Final Order of Approval and Settlement.

## IX.   NOTICE TO POSSIBLE CLASS MEMBERS

14.   Under the terms of the parties' Settlement Agreement, Claim Information Letters were sent to Possible Settlement Class Members, as defined previously, based on an agreed upon list of Possible Settlement Class Members that was provided to the Administrator by Class Counsel and Counsel for Defendants. The Claim Information Letter was accompanied by a Claim Form and a Class Notice, so that those individuals who wished to make claims could do so based on the initial mailing.

15.   The Class Administrator has filed a Declaration reporting on the number of claims filed by Possible Settlement Class Members and attesting that the process required by the Settlement Agreement and the Preliminary Approval Order was followed. The Court is satisfied that the required process has been complied with and that the rights of class members whose identity could not be determined solely from the Defendants' computer data have been complied with.

## X.   CLASS COUNSEL

16.   The Court reaffirms the appointment of Barrett S. Litt and Earnest C. S. Bell as counsel for the Class Representatives and the Class ("Class Counsel").

## XI.   PAYMENTS TO THE CLASS BY THE DEFENDANTS

17.   As set forth in more detail in the Settlement Agreement, the Defendants agreed to pay all class members who file claims on the following terms.

    a.   TIER 1:  A Tier 1 SCM is a class member who was Strip Searched during the Class Period and at the time of the booking was charged with an offense concerning weapons or violence in addition to violation of H&S §11550. An SCM who qualifies under Tier 1 shall receive a one-time only sum of $250 (Two Hundred Fifty Dollars).

    b.   TIER 2:  A Tier 2 SCM is a class member who was Strip Searched

8

during the Class Period and at the time of the booking was charged with an offense relating to a drug or narcotics offense in addition to violation of H&S§11550.  An SCM who qualifies under Tier 2 shall receive a one-time only sum of $650 (Six Hundred Fifty Dollars).

c.   TIER 3:  A Tier 3 SCM is a class member who was Strip Searched during the Class Period and at the time of the booking was charged with H&S §11550, but not with any weapons, violence or drug charges.  For purposes of claims administration, a list of weapons, violence and drugs charges are set forth in Exhibit F to the Proposed Preliminary Approval Order, [Doc. No. 171], and will be provided to the Class Administrator. An SCM who qualifies under Tier 3 shall receive a one-time only sum of $2,300 (Two Thousand Three Hundred Dollars).

d.   TIER 3, SECOND SEARCH:  An SCM who qualifies for a payment under Tier 3 as set forth in the preceding paragraph 13(c), and was subjected to a second separate and distinct arrest, booking and Strip Search during the Class Period that qualifies as a Tier 3 Search, shall receive a one-time only payment of $700 for the second search.

e.   Defendants shall not be liable to pay for any additional Strip Search to which an SCM was subjected.  By way of illustration and for example, if an SCM was arrested three separate times during the Class Period and each of the three Strip Searches qualify under Tier 3, the SCM would be entitled to a single Tier 3 payment in accordance with paragraph 13(c), and a single second search payment in accordance with paragraph 13(d), and no other payment.

f.   An SCM may not qualify in more than one of the three tiers and an SCM shall not be entitled to receive a payment from more than one of three tiers.  If an SCM qualifies for more than one of the three tiers as set

1    forth, above, Defendants agree to pay such SCM from the highest payout

2    tier for which the SCM otherwise qualifies.  By way of illustration and

3    for example, if an SCM was arrested twice during the Class Period and

4    qualifies for payment in Tier 1 for the first Strip Search and Tier 2 for

5    the second Strip Search, the SCM, who otherwise qualifies for payment

6    under the Settlement Agreement, would be qualified to receive $650, the

7    higher of the two qualifying payouts.   Under no circumstances will

8    Defendants be obligated to make payment under both tiers.

9    g.   Within thirty (30) calendar days of the Effective Date for Payment, the

10   Defendants shall have deposited with the Class Administrator the sums

11   necessary to pay all claims made and approved to date. Defendants shall

12   continue to provide on an ongoing basis such sums as may be required to

13   continue to pay approved claims until all such claims are paid or

14   determined not to qualify for payment.

15   **XII.   NAMED PLAINTIFFS' DISTRIBUTION**

16   18.   The Court awards each of the three class representatives – Juan

17   Gamino, Kathy Conley and Ed Ferrel –$50,000.  The class representatives will not

18   otherwise participate in the claims process involving SCMs or receive any other

19   payment under the terms of this Settlement Agreement.

20   19.   The Court concludes that this award is justified because the Named

21   Plaintiffs made contributions to the class as a whole, justifying awards to them

22   higher than those to the general class. In addition, the Named Plaintiffs'

23   individualized damages claims, including special damages, are a factor in the

24   determination of the sum they receive. Such determinations cannot reasonably be

25   made for class members in general without unduly consuming funds for

26   administrative costs that will otherwise be available for distribution to Class

27   members. Any fees due Class Counsel for their representation of the Named

28

10

1  Plaintiffs are encompassed within the Class Fund Attorneys' Fees referenced
2  herein.

## XIII. CLASS FUND ATTORNEYS' FEES

20.    Defendants shall pay a one-time only lump sum payment of
$1,400,000 (One Million Four Hundred Thousand Dollars) issued jointly to Class
Counsel, which payment is inclusive of fees and costs.  This payment represents a
full and final settlement of all past, present and future attorneys' fees and all past,
present and future ordinary and extraordinary costs.  It shall be paid as specified in
¶ 22, *infra*.

21.    The Court has reviewed the Plaintiffs' counsel's claim for attorneys'
fees and finds them well within the accepted range for class fund fees. Including
the fees paid to class counsel for *Way v. County of Ventura*, the total fees and costs
paid to class counsel, including the fees herein, is under $2 Million. The lodestar,
based on information provided the Court, is approximately $1.2 Million.

22.    The Court finds the parties' agreement regarding attorneys' fees and
costs to be reasonable, and awards the requested fees and costs. It addresses the
issue in a separate order approving the fees and cost requested herein.

## XIV. FORM OF  PAYMENT OF NAMED PLAINTIFFS' DISTRIBUTION AND ATTORNEYS' FEES

23.    Within 14 days after the Effective Date, Defendants or their insurers
will issue a check that will include the approved attorneys' fees and costs and the
funds awarded to the class representatives in a single check (hereafter the "Class
Rep/Fee Check"). The Class Rep/Fee Check will be issued in the name of the three
class representatives, Earnest Bell and Barrett S. Litt. The Class Rep/Fee Check
will be available to be picked up from the Law Offices of Alan Wisotsky no later
than 14 days after the Effective Date of the Settlement.

11

## XV.   SPECIAL MASTER

24.    The Court reaffirms the appointment of retired United States District Judge Raul A. Ramirez as the Special Master in this case.

## XVI. CLASS ADMINISTRATOR

25.    The Court reaffirms the appointment of Gilardi as Class Administrator. Defendants shall pay all past and future costs of class administration as a separate and distinct payment from all other payments set forth in this Order.

26.    The Claims Administrator shall preserve all written communications from Class Members in response to the Class and Settlement Notice at least until December 31, 2011, or pursuant to further order of the Court. All written communications received by the Claims Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Counsel for the Parties.

## XVII.      REMAINING CLASS ADMINISTRATION

27.    To the extent it has not already occurred, or to the extent financial obligations under the parties' settlement become due in the future, the Class Administrator shall be additionally compensated by Defendants for its services, and any costs associated with them, in connection with notice and administration and for the costs of giving mailed and published notice, pursuant to such orders as the Court may enter from time to time, including this one. Such payment shall be separate from the payment of Named Plaintiffs' awards, attorneys' fees and costs, and payments to class members who filed accepted claims.

28.    To the extent that submitted claims have not already been determined, they shall be resolved as provided in the Settlement Agreement in this case, the relevant provisions of which provide as follows:

a.  The timely filing of a Proof of Claim by a Possible Settlement Class Member shall qualify that Possible Settlement Class Member to receive payment of his or her claim regardless of the length of time required to determine whether s/he is in fact an actual SCM who is entitled to payment under this Agreement.

b.  The VCSD shall cause the arrest records for Possible Settlement Class Members who submitted claims to be retrieved for further review ("Arrest Records"). If the VCSD determines that the Possible Settlement Class Member's records indicate a charge of violation of H&S §11550 at the time of the relevant arrest and Strip Search, it shall so advise the Administrator, Class Counsel and Defendant's counsel. The Administrator shall then treat that claimant as an SCM, subject to the terms of this Settlement Agreement. If the VCSD concludes that the Possible Class Member's records do not include a charge for violation of H&S §11550, it shall provide copies of those records to the Administrator, Class Counsel and Defendant's counsel.

c.  Upon receipt of the Arrest Records, the Administrator, Class Counsel and Defendant's counsel shall meet and confer by telephone or in person. For purposes of this section, each of the three shall have a single vote. If all agree that the Arrest Records include a charge of H&S §11550, the Possible Settlement Class Member claimant shall be considered an SCM, subject to the terms of this Settlement Agreement. If all agree that the Arrest Records do not include a charge of H&S §11550, the Administrator shall provide written notice to the Possible Settlement Class Member claimant that he/she does not qualify as an SCM. The written notice of rejection

13

shall also provide the Possible Settlement Class Member with information regarding the right to appeal the decision to a Special Master as set forth in this Settlement Agreement. A copy of the notice of rejection Letter is contained as Exhibit F to the Preliminary Approval Order. [Doc. No. 171.] If the Administrator, Class Counsel and Counsel for Defendants cannot unanimously agree, the matter shall be submitted to the Special Master pursuant to the Dispute Resolution provisions set forth in this Settlement Agreement.

d.   Notwithstanding any other provision of this Order, Defendants, in their sole discretion, may elect to treat any submitted claim from a Possible Settlement Class Member as if the Arrest Records contained a charge for violation of H&S §11550 and instruct the Administrator to treat such Possible Settlement Class Member as an SCM, subject to all other provisions of this Settlement Agreement.

e.   The Administrator shall be responsible for providing and receiving Proof of Claim Forms. The Administrator shall determine eligibility for and the amount of payment based on the Database or other available County of Ventura documents provided by Defendants to the Administrator. The Class Administrator shall email a report in electronic format every 15 days from the time notice is sent until the claims process is completed to all counsel providing the following information regarding filed claims: name of claimant; date of birth of claimant; postmark date of claimant's claim; whether the claimant is an identified or possible class member; and the amount, if determined, to which the claimant is entitled.

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    f.    A Proof of Claim and Release Form shall be deemed timely submitted when received by the Administrator, or postmarked, on or before the Bar Date. Facsimile or electronic mail filings are not acceptable. Any such claims shall not be considered by the Administrator.

    g.    A Proof of Claim Form which does not meet the requirements set forth in this Settlement Agreement or is otherwise determined to be deficient or untimely by the Administrator will be preliminarily rejected by the Administrator.

    h.    If the Administrator rejects a claim, it shall provide written notice by First Class Mail and a 30-day time limit to provide an opportunity for the claimant to submit evidence to support eligibility as an SCM. Failure to timely respond to the Administrator's notice of rejection will bar any further rights for consideration of eligibility.

    i.    If the claimant timely provides additional information following the Administrator's notice of rejection, the Administrator shall provide the additional information to Class Counsel and counsel for Defendants who shall either approve or disapprove the claim. If Class Counsel and counsel for Defendants cannot agree, the matter shall be submitted to the Special Master pursuant to the Dispute Resolution procedures set forth in this Settlement Agreement.

29.    The Administrator shall make payments to SCMs in two payment cycles. The first payments shall be made to SCMs who filed timely Proof of Claim and Release Forms and whose claims have been determined to be valid, within a reasonable time not to exceed 120 days after the Effective Date. The second round of payments shall be paid within 90 days after the date of the first payments. Should there remain unresolved claims at that time, the Administrator shall

15

1  promptly pay these on an individual basis as they become resolved and a

2  determination is made that payment is owed under the terms of the Settlement

3  Agreement.

4  **XVIII.      LIEN PROVISIONS**

5        30.      Under the terms of the Settlement Agreement, the Administrator is

6  responsible to deduct from any claim certain payment amounts owed by a claim

7  participant for any liens or court orders for restitution, child support, debts to

8  Ventura County and statutory liens. The Claims Administrator is to make payment

9  to the County, the proper payee and/or their designee for those payment amounts

10  deducted as set forth in this paragraph.  The Defendants are to prepare a list of the

11  liens or orders applicable to each class member (hereafter referred to collectively

12  as "lien" or "liens"), and the parties shall meet and confer with respect to the list of

13  such liens. The following procedures are to apply.

14        a. For those for whom there is a claim that they owe an amount as described

15           above, the payment disbursement letter accompanying any claim check

16           sent to them shall include a notice of that amount, specifying the nature

17           of the lien and the purported amount of the lien. The notice shall include

18           advising the claimant of his or her right to contest the lien through a

19           Special Master and advise him or her of the procedures to do so, which

20           shall entail the following: 1) the Class Administrator shall send a letter to

21           claimant, the contents of which shall be agreed to by the parties,

22           requiring that the Claimant send a letter within 30 days seeking review by

23           the   Special   Master,   which   letter   must   explain   the   claimant's

24           disagreement, the basis therefore and any witness statements, documents

25           or other evidence on which the claimant wishes to rely; 2) advising the

26           claimant that the Special Master shall review the materials and make a

27           determination, which determination shall be final, binding and non-

28

16

appealable; and 3) it shall be in the exclusive province of the Special Master to determine whether a hearing shall be held, or the matter shall be decided on the papers submitted, but that normally it will be decided exclusively on the papers.

b. The Special Master is empowered to resolve any lien disputes under this Section. To participate as a class member, any claimant with liens will be deemed to have agreed that the Special Master's determination shall be binding and non-appealable. Such a claimant may present his or her contentions and supporting documents in writing to the Special Master. Each side's counsel will make a recommendation to the Special Master, who will then decide.

c. Despite the amount of any lien, no claimant shall have to pay more than 50% of his/her class fund payment towards the lien, which ensures that the claimant will receive funds for his/her claim regardless of the amount of any lien.

31.    The Court approves the use of the liens under the terms set forth herein, which will reduce the portion of the settlement provided to any SCM to whom these provisions apply. Any government recordation of such liens or debts shall be adjusted to the extent necessary to reflect the reduction resulting from the pay down of the liens or debts effectuated by this provision.

**XIX. GENERAL PROVISIONS**

32.    Claim forms not received or postmarked by December 22, 2008, shall not be paid, although such persons shall nonetheless be bound by this Order.

33.    All class members except those who timely filed opt-out forms shall be bound by this Order.

34.    Except as otherwise provided in this Order, each party shall bear its own costs, expenses and attorneys' fees.

17

35.   The use of the masculine gender herein is construed to include the feminine and/or the neuter where applicable. The use of the singular herein is to be construed to include the plural where applicable. The use of the plural herein shall be construed to include the singular where applicable.

36.   Any disputes regarding the right of a claimant or class member to qualify for payment under Order shall be resolved by the Special Master.

37.   The Court reserves and maintains jurisdiction over this settlement and its provisions, and over the claims administration and distribution of the funds. Disagreements between the parties on any disputes or unresolved aspects of this Order shall be subject to mediation before the mediator who has mediated this case to date. If mediation is not successful, the matter shall be brought to this Court for resolution.

38.   At the conclusion of the Class Distribution, the Class Administrator shall submit a report to the Court summarizing the payments made to the Class, and seeking any final administrative costs to be approved.

## XX.   FINAL RESOLUTION

39.   The monetary relief provided for in the Settlement Agreement shall compensate for all alleged violations of rights and all claims by the plaintiff class members that were or could have been brought in this civil action under any theory of liability related to allegedly unlawful strip searches of those within the class definitions contained herein, except as to monetary damages for those class members who choose to opt out.

40.   The Court hereby dismisses the Lawsuit on the merits, with prejudice, and without further costs, with such dismissal subject only to compliance by the parties with the terms and conditions of the Settlement Agreement and this Final Order of Approval and Settlement.

18

41.     Plaintiffs, including their agents, attorneys and assigns, are hereby severally and permanently barred and enjoined, to the fullest extent permitted by law, from filing, commencing, instituting, maintaining, prosecuting or participating in a lawsuit or any other proceeding against the Defendants, including the employees, entities, agents, attorneys and insurers of Defendants, involving or based on any of the claims encompassed by this Settlement and Order, including specifically claims on behalf of any class member whose claims are covered by this Settlement and Order.

42.     The Named Plaintiffs and each Class Member waive all rights or benefits that he or she now has or in the future may have under the terms of California Civil Code §1542, arising from, alleged in, or pertaining to the claims that were asserted in the Lawsuit, specifically claims for strip searches and/or visual body cavity searches. Section 1542 reads:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

43.     Plaintiffs have not relied upon the advice of Class Counsel as to the legal and/or tax consequences of this settlement, the payment of any money by the Defendants or the distribution of the Settlement Funds.

44.     Neither this Final Order of Approval and Settlement, the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall constitute evidence or an admission by any Defendant that any acts of wrongdoing have been committed, and they shall not be deemed to create any inference that there is any liability therefore. Neither this Final Order of Approval and Settlement, nor the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall be offered or received in evidence or used for any

19

1  purpose whatsoever, in this or any other matter or proceeding in any court,

2  administrative agency, arbitration, or other tribunal, other than as expressly set

3  forth in the Settlement Agreement.

4      45.   Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the

5  Court finds that there is no just reason for delay and therefore directs entry of this

6  Final Order of Approval and Settlement. Inasmuch as this disposes of all claims

7  asserted in the Lawsuit, the Court further directs the Clerk to enter an order of

8  dismissal pursuant to F.R.Civ.P Rule 41(a)(1)(2).

9
   IT IS SO ORDERED.
10

11 DATED: February 5, 2009

12                                      CONSUELO B. MARSHALL
                                        UNITED STATES DISTRICT JUDGE
13

14 Submitted jointly by:

15

16 Barrett S. Litt
   Earnest C.S. Bell
17

18 Counsel for Plaintiffs

19

20 By: _/s/ Barrett S. Litt_____
       Barrett S. Litt
21

22 Jeffrey Held

23
   Counsel for Defendants
24

25

26 By: _/s/  Jeffrey Held_____
       Jeffrey Held
27

28
                          20

# EXHIBIT 1

1

2

3

4

5

6

7

8

9

10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| JUAN GAMINO, individually and as class representative; KATHY CONLEY, individually and as class representative; and ED FERREL, individually and as class representative, | **No. CV 02-9785 CBM** <br> **[HON. CONSUELO B. MARSHALL]** |
| Plaintiffs, | **CLASS ACTION SETTLEMENT AGREEMENT PRESENTED TO THE COURT FOR PRELIMINARY APPROVAL** |
| v. | |
| COUNTY OF VENTURA; VENTURA COUNTY SHERIFF BOB BROOKS, individually and as the sheriff; and DOES 1-200, | |
| Defendants. | |

Plaintiffs Juan Gamino, Kathy Conley, and Ed Ferrel individually and on behalf of the settlement class defined herein ("Plaintiffs"); Defendant Bob Brooks, individually and as the Sheriff for the Ventura County Sheriff and the County of Ventura ("Defendants"), by and through their respective counsel, hereby submit the

1

1 | following Settlement Agreement ("Settlement Agreement").

2 | # I.

3 | ## **RECITALS**

4 | WHEREAS, Plaintiffs filed the above referenced action in United States
5 | District Court for the Central District of California ("Court") on December 24,
6 | 2002; and

7 | WHEREAS, Plaintiffs asserted they represented a class of persons who were
8 | required to undergo visual strip searches by the Ventura County Sheriff's
9 | Department ("VCSD") when arrested and booked for violation of Health & Safety
10 | Code Section 11550 ("H&S §11550"), and further alleged various violations of the
11 | Federal and State Constitutions, California Civil Code Section 52.1, Government
12 | Code Section 815.6, intentional infliction of emotional distress, negligence, and
13 | negligent training and supervision; and

14 | WHEREAS, the Court certified a class on September 17, 2003; and

15 | WHEREAS, on October 6, 2003, the Court ruled that the temporal limits of
16 | the class were December 24, 2001 to March 27, 2003 and further ruled that the
17 | class was comprised of persons arrested under H&S §11550 and visually strip
18 | searched by the VCSD; and

19 | WHEREAS, the Parties to this Settlement Agreement agree that this action
20 | has been extensively litigated for the past five years and have engaged in extensive
21 | settlement negotiations over approximately eight days and involving two private
22 | mediators and a United States District Court Magistrate Judge; and

23 | WHEREAS, Defendants deny that they have done anything wrong
24 | whatsoever, deny all liability to the defined class and do not concede any infirmity
25 | in the defenses that they have asserted or intend to assert in these proceedings, but
26 | are cognizant of the time and expense of further litigation; and

27 | WHEREAS, the Parties to this Settlement Agreement believe that settlement
28 | is in the best interests of the parties and will avoid further lengthy and costly

2

1 litigation;

2 THEREFORE, the Parties agree as follows:

3 **II.**

4 **DEFINITIONS**

5 1.   "Administrator" means the claims administrator Gilardi & Company,
6 LLC, as agreed upon by the parties and as to be appointed by the Court, to review
7 and determine the validity and amount of claims submitted by a Settlement Class
8 Member (SCM), (as defined herein), according to the procedures set forth herein.

9 2.   The "Bar Date" is the date by which any SCM who wishes to receive
10 payment pursuant to the Settlement Agreement must file his/her Proof of Claim and
11 Release Form (attached as Exhibit B), objections to this Settlement Agreement, or
12 request to be excluded from the class (opt-out).  The Bar Date shall be calculated as
13 the close of business on the 90th day after the first day of mailing Class Notice (the
14 time frame for which mailing is up to two consecutive business days from
15 beginning to end, as is addressed in ¶33).

16 3.   "Class Counsel" means, Earnest C.S. Bell, The Law Offices of
17 Earnest C.S. Bell, 3844 W. Channel Island Blvd., PMB 170, Oxnard, CA.  93035,
18 and Barrett S. Litt, Litt, Estuar, Harrison & Kitson, 1055 Wilshire Blvd., #1880,
19 Los Angeles CA. 90017.

20 4.   The "Class Notice" means the notice in a form substantially similar to
21 that attached hereto as Exhibit C, and such other summary notice to be published in
22 accordance with the terms of this Settlement Agreement.

23 5.   The "Claim Information Letter" means the claim letter inquiry in a
24 form substantially similar to that attached hereto as Exhibit D that provides those
25 Possible Settlement Class Member as defined herein and pursuant to the terms of
26 this Settlement Agreement.

27 6.   The "Class Period" is December 24, 2001 to March 27, 2003.

28 7.   The Settlement Agreement "Database" means the information

3

CLASS ACTION SETTLEMENT AGREEMENT
17

1    provided in hard copy and/or electronic form by the Defendants to the
2    Administrator and Class Counsel no later than thirty (30) days from the date the
3    Court grants preliminary approval of the terms of this Settlement Agreement which
4    includes, to the extent practicable, the name, address at time of booking, date of
5    birth, Social Security Number, date(s) of arrest and known charges of the SCM
6    arrested during the Class Period and booked at the Ventura County Jail.  The
7    Database shall not be provided by the Administrator or Class Counsel to any
8    person, entity, party or any SCM.

9        8.    The "Effective Date" means the date upon which a judgment entered
10   by the Court approving the Settlement Agreement becomes final.  The Judgment
11   will be deemed final only upon expiration of the time to appeal or, if a Notice of
12   Appeal is filed, upon exhaustion of all appeals and petitions for writs of certiorari.

13       9.    "Identified Class Member" means those persons identified in the
14   Database as having been charged with H&S §11550 during the Class Period.  This
15   includes (1) those persons who were charged with violation of H&S §11550 as a
16   primary charge during the Class Period and (2) those persons who where charged
17   with violation of H&S §11550 as either a primary or secondary charge during the
18   period of June 19, 2002 to March 27, 2003.

19       10.   An "Opt-Out" is any  person in the Settlement Class as defined herein,
20   who files a timely request for exclusion pursuant to the terms of this Settlement
21   Agreement.

22       11.   The "Proof of Claim Form" means the Proof of Claim and Release
23   Form required to be used to make a claim for payment under this settlement.  A
24   copy of the proposed Proof of Claim is attached as Exhibit B.

25       12.   "Released Person" means the Defendants and their affiliates,
26   subsidiaries, predecessors, successors, and/or assigns, together with past, present
27   and future officials, employees, representatives, attorneys, and/or agents of the
28   County of Ventura, VCSD, or any of them.  "Released Persons" also includes any

4

1  and all insurance carriers, and/or their representatives and attorneys, for the
2  Released Persons.

3      13.   A "Settlement Class Member" ("SCM") means any member of the
4  Settlement Class including representatives, successors and assigns, who qualify as
5  either (1) an Identified Class Member, as defined herein in ¶9, or (2) a Possible
6  Settlement Class Member, as defined herein in ¶16, who is in fact a member of the
7  Settlement Class as defined in ¶14.   Settlement Class Members include anyone
8  meeting this definition, whether that individual filed a Class Claim or not, unless
9  the individual files a valid and timely Request for Exclusion as provided for in this
10  Settlement Agreement.

11      14.   "Settlement Class" means those persons booked on violation of H&S
12  §11550 at the Ventura County jail and subjected to a Strip Search between the
13  period of December 24, 2001 and March 27, 2003.

14      15.   "Strip Search" means a search conducted upon intake and booking by
15  a corrections officer at the Ventura County jail in which the person was required to
16  remove his or her clothing, including underwear, in the presence of the corrections
17  officer.

18      16.   "Possible Settlement Class Member" means those persons identified in
19  the Defendants' computer system for the period December 24, 2001 to June 19,
20  2002 ("Computer System") who are not identified as being charged with H&S
21  §11550 and contain a primary charge in the Computer System listed in Exhibit E.

22                                    **III.**

23                    **DISCLAIMER OF LIABILITY**

24      17.   This Settlement Agreement is for settlement purposes only, and neither
25  the fact of, nor any provision contained in this Settlement Agreement or its exhibits,
26  nor any action taken hereunder shall constitute, be construed as, or be admissible in
27  evidence as any admission of the validity of any claim or any fact alleged by any
28  Plaintiff, SCM or class member in either this action or in any other pending or

5

future action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Released Person or admission by any Released Person of any claim or allegation made in this action or in any other action. Defendants deny all allegations of wrongdoing and deny any liability to Plaintiffs, to any SCM, to any Possible Settlement Class Member, or to any other class member. The parties have agreed that, in order to avoid long and costly litigation, this dispute should be settled pursuant to the terms of this Settlement Agreement, subject to the approval of the Court.

**IV.**

**<u>TERMS AND EFFECT OF SETTLEMENT AGREEMENT</u>**

18.    The parties agree solely for the purposes of this settlement and implementation of the settlement.    If the settlement fails to be approved or otherwise fails consummation, then this Settlement Agreement is hereby withdrawn.

19.    An SCM who complies with the requirements set forth in this Settlement Agreement will be paid specified sums determined by the settlement distribution tiering process set forth herein, which payment shall be in full satisfaction of all claims of that SCM.

20.    The Settlement Agreement, as of the Effective Date, resolves in full all claims against the Released Persons by all of the SCMs, including the named Plaintiffs, involving violations of law or constitutional rights, including, without limitation, their Fourth Amendment rights, their Fourteenth Amendment rights, or any other federal, state or local law, regulation, duty, or obligation, or any other legal theory, action or cause of action, which are based upon or could be based upon or arise from the facts alleged in the lawsuit, i.e., claiming damages for strip searches occurring while in custody of the Ventura County Sheriff's Department.. When the Settlement Agreement is final, as of the Effective Date, all SCMs, including the named Plaintiffs, waive all rights to any and all claims relating to

6

1    Strip Searches by Released Parties under any theory or cause of action whatsoever
2    under California state law and federal law.  This waiver and release shall include a
3    full release and waiver of unknown rights that may exist as of the Effective Date.

4         21.    As of the Effective Date, the SCMs, including the named Plaintiffs,
5    hereby waive any and all rights to pursue, initiate, prosecute, or commence any
6    action or proceeding before any court, administrative agency or other tribunal, or to
7    file any complaint regarding acts or omissions by the Released Persons with respect
8    to any Strip Search by Defendants that occurred or may have occurred during the
9    Class Period; and further, as it relates to this waiver or Release, expressly waive the
10   provisions of California Civil Code §1542, which provides that "a general release
11   does not extend to claims which the creditor does not know or suspect to exist in his
12   or her favor at the time of executing the release, which if known by him or her must
13   have materially affected his or her settlement with the debtor."

14        22.    This Settlement Agreement, together with its exhibits, contains all the
15   terms and conditions agreed upon by the Parties hereto regarding the subject matter
16   of the instant proceeding, and no oral agreement entered into at any time nor any
17   written agreement entered into prior to the execution of this Settlement Agreement
18   shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and
19   conditions contained herein, except as expressly provided herein.

20        23.    Each SCM shall be deemed to have submitted to the jurisdiction of the
21   Court.

22        24.    This Settlement Agreement is subject to and conditioned on a Fairness
23   Hearing conducted by the Court and the final approval of this Settlement
24   Agreement and the issuance of the final order and judgment of dismissal by the
25   Court, providing the specified relief as set forth below, which relief shall be
26   pursuant to the terms and conditions of this Settlement Agreement and the Parties'
27   performance of their continuing rights and obligations hereunder.  The Order and
28   Judgment shall be deemed final only on expiration of the time to appeal, or if a

7

1  Notice of Appeal is filed, upon exhaustion of all appeals and petitions for writs of
2  certiorari or the expiration of the time to file such writ petition.  Such final Order
3  and Judgment shall:

4       A.    Dismiss with prejudice all claims in the action as to the Released
5  Persons including all claims for monetary damages, declaratory relief and
6  injunctive relief, each side to bear their own costs and fees except as otherwise
7  provided for in this Settlement Agreement;

8       B.    Order that all SCMs are enjoined from asserting against any
9  Released Person, any and all claims which any SCM had, has or may have in the
10 future arising out of the facts alleged in the Complaint;

11      C.    Release each Released Person from the claims which any SCM
12 has, had or may have in the future, against such Released Person arising out of the
13 facts alleged in the Complaint;

14      D.    Determine that this Settlement Agreement is entered into in
15 good faith, is reasonable, fair and adequate, and in the best interest of the Class; and

16      E.    Reserve the Court's continuing and exclusive jurisdiction over
17 the Parties to this Settlement Agreement, including Defendants and SCMs, to
18 administer, supervise, construe and enforce the Settlement Agreement in
19 accordance with its terms for the mutual benefit of all Parties.

20      The Parties will take all necessary and appropriate steps to obtain preliminary
21 and final approvals of the Settlement Agreement, and dismissal of the action with
22 prejudice, all parties bearing their own fees and costs unless otherwise set forth in
23 this Settlement Agreement.  If the Court gives final approval of this Settlement
24 Agreement, and if there is an appeal from such decision, the Defendants will not
25 oppose Plaintiffs' efforts to defend the Settlement Agreement.

26 //
27 ///
28 ///

8

**V.**

**RESOLUTION AND PAYMENT OF CLAIMS**

**SETTLEMENT PAYMENT TIERS**

25.    This settlement shall not include any *cy pres* fund.  Further, Released Parties shall not prefund any settlement fund or proceeds.

26.    Defendants agree to pay each of the three class representatives an amount no greater than $50,000, the precise amount to be determined by the Court upon request by the class representatives.    Defendants agree not to contest Plaintiffs' request for approval of these payments to class representatives and the Parties agree that Court will decide whether this amount or some lesser amount shall be awarded the class representatives. Defendants or their insurers will issue a check that will include the approved attorneys' fees and costs, and the funds awarded to the class representatives in a single check (hereafter the "Class Rep/Fee Check"). The Class Rep/Fee Check will be issued in the name of the three class representatives, Law Offices of Earnest Bell and Litt, Estuar, Harrison & Kitson LLP.   The Class Rep/Fee Check will be available to be picked up from the Law Offices of Alan Wisotsky no later than 14 days after the Effective Date.  The class representatives will not otherwise participate in the claims process involving SCMs or receive any other payment under the terms of this Settlement Agreement.  The Class  Representatives  and  Class  Counsel  shall  provide  tax  identification information to Defendants within 30 days from the date of preliminary approval of the Settlement Agreement.

27.    The Parties agree that this is a claims-made settlement, requiring an SCM to formally submit a valid and completed Proof of Claim Form in order to qualify and receive payment under this Settlement Agreement.  Defendants agree to pay an SCM who complies with the requirements set forth in this Settlement Agreement according to a tier payment process as follows:

A.    TIER 1:  A Tier 1 SCM is a class member who was Strip

9

1    Searched during the Class Period and at the time of the booking was charged with
2    an offense concerning weapons or violence in addition to violation of H&S §11550.
3    Defendants agree to pay an SCM who qualifies under the terms of this Settlement
4    Agreement in Tier 1, a one-time only sum of $250 [Two Hundred Fifty Dollars].

5            B.    TIER 2:  A Tier 2 SCM is a class member who was Strip
6    Searched during the Class Period and at the time of the booking was charged with
7    an offense relating to a drug or narcotics offense in addition to violation of H&S
8    §11550.  Defendants agree to pay an SCM who qualifies under the terms of this
9    Settlement Agreement in Tier 2, a one-time only sum of $650 [Six Hundred Fifty
10   Dollars].

11           C.    TIER 3:  A Tier 3 SCM is a class member who was Strip
12   Searched during the Class Period and at the time of the booking was charged with
13   H&S §11550, but not with any weapons, violence or drug charges.  For purposes of
14   claims administration, a list of weapons, violence and drugs charges are set forth in
15   Exhibit F and will be provided to the Administrator.  Defendants agree to pay an
16   SCM who qualifies under the terms of this Settlement Agreement in Tier 3, a one-
17   time only payment of $2,300 [Two Thousand Three Hundred Dollars].

18           D.    TIER 3, SECOND SEARCH:  Defendants agree to pay an SCM
19   who qualifies for a payment under Tier 3 as set forth in Paragraph 27(C), above,
20   and was subjected to a second separate and distinct arrest, booking and Strip Search
21   during the Class Period that qualifies as a Tier 3 Search, a one-time only payment
22   of $700 for the second search.  Defendants shall not be liable to pay for any
23   additional Strip Search to which an SCM was subjected.  By way of illustration and
24   for example, if an SCM was arrested three separate times during the Class Period
25   and each of the three Strip Searches qualify under Tier 3, the SCM would be
26   entitled to a single Tier 3 payment in accordance with Paragraph 27(C) and a single
27   second search payment in accordance with Paragraph 27(D) and no other payment.

28           28.    An SCM is limited to a one time only payment from one of the three

10

tiers identified in Paragraph 27, above.  An SCM may not qualify in more than one of the three tiers and an SCM shall not be entitled to receive a payment from more than one of three tiers.  If an SCM qualifies for more than one of the three tiers as set forth, above, Defendants agree to pay such SCM from the highest payout tier for which the SCM otherwise qualifies.  By way of illustration and for example, if an SCM was arrested twice during the Class Period and qualifies for payment in Tier 1 for the first Strip Search and Tier 2 for the second Strip Search, the SCM, who otherwise qualifies for payment under the Settlement Agreement, would be qualified to receive $650, the higher of the two qualifying payouts.  Under no circumstances would Defendants be obligated to make payment under both tiers.

**CLASS COUNSEL FEES**

29.    Released Parties shall pay a one-time only lump sump payment of $1,400,000 (One Million Four Hundred Thousand Dollars) issued jointly to Class Counsel.  This payment represents a full and final settlement of all past, present and future attorneys' fees and all past, present and future ordinary and extraordinary costs.  It shall be paid as specified in ¶26, *supra*.

**CLASS ADMINISTRATION COSTS**

30.    Up to $250,000 (Two Hundred Fifty Thousand Dollars) will be paid by Released Parties for all claims administration costs.  Claims administration costs shall be limited to the costs of claims administration, costs of class notice and costs for a Special Master as set forth in this Settlement Agreement.  Defendants and the County of Ventura's insurers had the unilateral right to decline entering into the Settlement Agreement if they determined that claims administration costs would exceed $250,000.  This unilateral right to decline expired on April 15, 2008 and the Defendants and the County of Ventura's insurers did not exercise the right, which right has now expired.  Claims administration costs will be paid separately from the amounts paid to SCMs and separately from Class Counsel's fees and costs as set forth in Paragraph 29.

11

**CLASS NOTIFICATION**

31.    The Administrator shall be responsible for providing Class Notice. This shall comprise mailing notice by regular mail to the SCMs' last known address.  The Administrator shall also use normal and customary means to search for an SCM's last known address, including the use of a postal database.  The Class Notice shall describe the particulars of the case, provide the class definition, provide information for claimants to contact the Administrator for a claims form and other usual and customary information.  A Class Notice is attached to this Settlement Agreement as Exhibit C. Class counsel Earnest Bell shall be provided an initial set of 200 claim forms, and more as requested, to provide to persons seeking claim forms from him.

32.    The Administrator shall complete the mailing of Class Notice and Claim Information Letters, as set forth in Paragraphs 31 and 34, within two consecutive business days. The first day of such mailing is the first day of the period for calculating the "bar date" as provided in ¶ 2.

33.    The Administrator shall be responsible for publishing Class Notice as follows:

A.    Los Angeles Times, editions covering from San Luis Obispo in the North to Los Angeles in the South.  The notice shall run on four separate days a week apart over a four week period and shall be at least 1/8 page in size.

B.    Ventura County Star.  The notice shall run on four separate days a week apart over a four week period and shall be at least ¼ page in size.

C.    Ventura County Cable TV Community Bulletin Board.  Provide a notice announcement for four days.

**CLAIM INFORMATION LETTER TO POSSIBLE SCMs**

34.    The Administrator shall be responsible for sending a Claim Information Letter to Possible Settlement Class Members, based on an agreed upon list of Possible Settlement Class Members that will be provided to the

12

CLASS ACTION SETTLEMENT AGREEMENT

Administrator by Class Counsel and Counsel for Defendants.    This Claim Information Letter will be in addition to the Class Notice, Claim Form and any other materials sent to already identified SCMs. The Claim Information Letter shall be sent by first class mail to the last known address for the Possible Settlement Class Member as contained in the Computer System. The Claim Information Letter will advise the Possible Settlement Class Members that the Computer System indicates an arrest during the Claim Period, but does not reflect a charge for violation of H&S §11550.   The Claim Information Letter will advise the Possible Settlement Class Member that, to make a claim as an SCM, they must complete and sign a Proof of Claim Form and that it must be their good faith best recollection, under penalty of perjury, that they were charged with H&S §11550 at the time of arrest during the Claim Period and that they were subjected to a Strip Search.  The Claim Information Letter will further advise the Possible Settlement Class Member that the Defendants and/or Administrator may review the arrest files of these Possible Settlement Class Member to verify any claim made.  A copy of the Claim Information Letter form is attached as Exhibit D.  The timely filing of a Proof of Claim by a Possible Settlement Class Member shall qualify that Possible Settlement Class Member to receive payment of his or her claim regardless of the length of time required to determine whether s/he is in fact an actual SCM who is entitled to payment under this Agreement.

35.    The Administrator shall report all Proof of Claim Forms filed by Possible Settlement Class Members within 10 days from the Bar Date to Class Counsel and Counsel for Defendants.  The VCSD shall then cause the arrest records for those Possible Settlement Class Members to be retrieved for further review ("Arrest Records").   If the VCSD determines that the Possible Settlement Class Member's records indicate a charge of violation of H&S §11550 at the time of the relevant arrest and Strip Search, it shall so advise the Administrator, Class Counsel and Defendant's counsel.   The Administrator shall then treat that claimant as an

13

1  SCM, subject to the terms of this Settlement Agreement. If the VCSD concludes
2  that the Possible Class Member's records do not include a charge for violation of
3  H&S §11550, it shall provide copies of those records to the Administrator, Class
4  Counsel and Defendant's counsel.

5      36.  Upon receipt of the Arrest Records, the Administrator, Class Counsel
6  and Defendant's counsel shall meet and confer by telephone or in person. For
7  purposes of this section, each of the three shall have a single vote. If all agree that
8  the Arrest Records include a charge of H&S §11550, the Possible Settlement Class
9  Member claimant shall be considered an SCM, subject to the terms of this
10  Settlement Agreement. If all agree that the Arrest Records do not include a charge
11  of H&S §11550, the Administrator shall provide written notice to the Possible
12  Settlement Class Member claimant that he/she does not qualify as an SCM. The
13  written notice of rejection shall also provide the Possible Settlement Class Member
14  with information regarding the right to appeal the decision to a Special Master as
15  set forth in this Settlement Agreement. If the Administrator, Class Counsel and
16  Counsel for Defendants cannot unanimously agree, the matter shall be submitted to
17  the Special Master pursuant to the Dispute Resolution provisions set forth in this
18  Settlement Agreement.

19      37.  Notwithstanding any other provision in Paragraphs 34-36, above,
20  Defendants, in their sole discretion, may elect to treat any submitted claim from a
21  Possible Settlement Class Member as if the Arrest Records contained a charge for
22  violation of H&S §11550 and instruct the Administrator to treat such Possible
23  Settlement Class Member as an SCM, subject to all other provisions of this
24  Settlement Agreement.

25      **CLASS ADMINISTRATION FOR PROOF OF CLAIM FORMS**

26      38.  The Administrator shall be responsible for providing and receiving
27  Proof of Claim Forms. The Administrator shall determine eligibility for and the
28  amount of payment based on the Database or other available County of Ventura

14

1   documents provided by Defendants to the Administrator. The Class Administrator
2   shall email a report in electronic format every 15 days from the time notice is sent
3   until the claims process is completed to all counsel providing the following
4   information regarding filed claims: name of claimant; date of birth of claimant;
5   postmark date of claimant's claim; whether the claimant is an identified or possible
6   class member; and the amount, if determined, to which the claimant is entitled..

7   39.   A Proof of Claim and Release Form shall be deemed timely submitted
8   when received by the Administrator, or postmarked, on or before the Bar Date.
9   Facsimile or electronic mail filings are not acceptable, will be deemed untimely
10  filed and shall not be considered by the Administrator.

11  40.   A Proof of Claim Form which does not meet the requirements set forth
12  in this Settlement Agreement or is otherwise determined to be deficient or untimely
13  by the Administrator will be preliminarily rejected by the Administrator.

14  41.   If the Administrator rejects a claim, it shall provide written notice by
15  First Class  Mail and a 30-day time limit to provide an opportunity for the claimant
16  to submit evidence to support eligibility as an SCM.  Failure to timely respond to
17  the Administrator's notice of rejection will bar any further rights for consideration
18  of eligibility.

19  42.   If the claimant timely provides additional information following the
20  Administrator's notice of rejection, the Administrator shall provide the additional
21  information to Class Counsel and counsel for Defendants who shall either approve
22  or disapprove the claim.  If Class Counsel and counsel for Defendants cannot agree,
23  the matter shall be submitted to the Special Master pursuant to the Dispute
24  Resolution procedures set forth in this Settlement Agreement.

25  43.   The Administrator will prepare a list of all rejected claims, with its
26  reasons for rejection.  The list of rejected claims shall be provided to Class Counsel
27  and counsel for Defendants within 15 days from the Bar Date.

28  44.   The Parties agree that untimely filed Proof of Claim Forms shall be

15

1 | preliminarily rejected by the Administrator and no payment shall be made.

2 | 45.   The Administrator shall be responsible for garnishing from any
3 | payment to an SCM certain amounts that the SCM owes for any liens or court
4 | orders for restitution, child support, debts owed to the County of Ventura and any
5 | statutory liens, as set forth in ¶49, *infra*.

6 | 46.   The Administrator shall make payments to SCMs in accordance with
7 | this Settlement Agreement in two payment rounds.  The first round payment shall
8 | be paid to SCMs who, pursuant to the terms of this Settlement Agreement, filed
9 | timely Proof of Claim and Release Forms and whose claims have been determined
10 | to be valid, within a reasonable time not to exceed 120 days after the Effective
11 | Date.  The second round payment shall be paid within 90 days after the date of the
12 | first round payment.   Should there remain unresolved claims at that time, the
13 | Administrator shall pay these on an individual basis as they become resolved and a
14 | determination is made that payment is owed under the terms of this Settlement
15 | Agreement.

16 | 47.   The Administrator shall not make payment to any SCM until all claims
17 | have been submitted to the Administrator pursuant to the terms of this Settlement
18 | Agreement.

19 | **GARNISHMENT OF PAYMENT FOR LIENS**

20 | 48.   The Administrator shall deduct from any claim certain payment
21 | amounts owed by a claim participant for any liens or court orders for restitution,
22 | child support, debts to county and statutory liens.  The Claims Administrator will
23 | make payment to the County, the proper payee and/or their designee for those
24 | payment amounts deducted as set forth in this paragraph.  The defendants shall
25 | prepare a list of the liens or orders applicable to each class member (hereafter
26 | referred to collectively as "lien" or "liens"), and the parties shall meet and confer
27 | with respect to the list of such liens. The following procedures shall apply.

28 | a. For those for whom there is a claim that they owe an amount as described

16

CLASS ACTION SETTLEMENT AGREEMENT
30

above, the payment disbursement letter accompanying any claim check sent to them shall include a notice of that amount, specifying the nature of the lien and the purported amount of the lien. The notice shall include advising the claimant of his or her right to contest the lien through a Special Master and advise him of the procedures to do so (the full extent of which will be elaborated in a final settlement agreement and/or Settlement Approval Order).

b. The Special Master agreed to pursuant to ¶55 will be empowered to resolve any lien disputes under this paragraph. To participate as a class member, any claimant with liens will be deemed to have agreed that the Special Master's determination shall be binding and non-appealable. Such a claimant may present his or her contentions and supporting documents in writing to the Special Master. Each side's counsel will make a recommendation to the Special Master, who will then decide.

c. Despite the amount of any lien, no claimant shall have to pay more than 50% of his/her class fund payment towards the lien, which ensures that the claimant will receive funds for his/her claim regardless of the amount of any lien.

## EXCLUSION FROM SETTLEMENT CLASS—OPT OUTS

49.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request to be excluded from the class, defined herein as "Opt-Out".   The request for exclusion must be delivered to the Administrator, or postmarked, on or before the Bar Date or as the Court may otherwise direct.

50.     Each member of the Settlement Class who chooses to Opt-Out from or object to this settlement shall be deemed to have submitted to the jurisdiction of the Court with respect to his/her claim and to any dispute resolution process conducted by a special master as set forth in this Settlement Agreement.

17

51.     Any Settlement Class Member who does not Opt-Out as set forth in this Settlement Agreement, shall be deemed conclusively to have become an SCM and to be bound by the Settlement Agreement and all subsequent proceedings, orders and judgments herein.

52.     Any SCM who exercises an Opt-Out, as set forth in Paragraph 49, shall not share in any monetary benefits provided by this Settlement Agreement.

53.     The Administrator will report to Defendant's counsel and Class Counsel all Out-Outs upon receipt, and will determine and report to counsel the total number of Opt-Outs no later than 10 days after the Bar Date.   If the total number of Opt-Outs exceeds 25, Defendants, in their sole discretion, may rescind their acceptance of the Settlement Agreement.   Defendants, in exercising this right of rescission, shall provide the Administrator and Class Counsel with written notice of rescission within 20 days after receipt of the Administrator's report providing the total number of Opt-Outs.   In the event Defendants exercise their right of rescission in accordance with this paragraph, any funds paid or deposited pursuant to this Settlement Agreement shall be returned to Defendants within 10 days of the exercise of the right to rescind, less any expenses, fees and costs incurred by the Administrator.

## DISPUTE RESOLUTION

54.     The Parties agree to the appointment of the Honorable Raul Ramirez (Ret.) as Special Master pursuant to Federal Rules of Civil Procedure Rule 53 to resolve disputes that arise from implementation of the Settlement Agreement as set forth herein.

## INTEGRATION

55.     This Settlement Agreement supersedes all prior communications regarding the matters contained herein between the signatories hereto or their representatives.     This Settlement Agreement is an integrated agreement and

18

contains the entire agreement regarding the matters herein between the signatories hereto and no representations, warranties or promises have been made or relied on by any party hereto other than as set forth herein.  This Settlement Agreement was drafted by counsel for the parties hereto, and there shall be no presumption or construction against any party, each such party expressly waiving reliance on the doctrine of *contra proferentem*.

### FAIRNESS HEARING AND FINAL ORDER OF APPROVAL

56.   Before this settlement agreement becomes final and binding on the parties, the Court shall hold a Fairness Hearing to determine whether to enter the Final Order of Approval. A proposed Final Order of Approval shall be submitted to the Court substantially in the form set forth in Exhibit G.

### NO ADMISSION OR WAIVER

57.   The Parties acknowledge and agree that all undertakings and agreements contained in this Settlement Agreement have been agreed to solely for the purpose of finally compromising and resolving all questions, disputes and issues between them relating to the litigation.  This Settlement Agreement and any proceedings taken pursuant hereto shall not in any event be construed as, interpreted as, or deemed to be evidence of an admission or concession by either party for any purpose, or deemed to constitute a waiver of any legal position or any defenses or other rights which either of the parties might otherwise assert in any context. Neither this Settlement Agreement nor any of its provisions nor any other documents related hereto nor any negotiations, statements or testimony taken in connection herewith may be offered or received in evidence in, or used for any other purpose, or in any suit, action or legal proceeding which either of them may now have or in the future have with any other person, as an admission or concession of liability or wrongdoing or as any admission or concession on the part of either party, except in connection with any action or legal proceeding to enforce

19

1   this Settlement Agreement.  The Parties have reached this Settlement Agreement on

2   a commercial basis through arms-length negotiations and to avoid the costs and

3   delays of further disputes, litigation and negotiations among them. Rather, this

4   Settlement Agreement has been entered into without any concession of liability or

5   non-liability whatsoever and has no precedential or evidentiary value whatsoever.

6   This Settlement Agreement does not and is not intended to create any rights with

7   respect to any third parties, except as otherwise provided herein.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

1

LIST OF EXHIBITS TO SETTLEMENT AGREEMENT

2

3   Exhibit B        Proof of Claim and Release Form

4   Exhibit C        Class Notice

5   Exhibit D        Claim Information Letter

6   Exhibit E        List of Charges for Computer Data

7   Exhibit F        List of Weapons, Violence & Drugs

8   Exhibit G        Final Order of Approval and Settlement

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

# EXHIBIT 2

1 | Earnest C.S. Bell, State Bar No. 159387
2 | Law Office of Earnest C.S. Bell
3 | 3844 West Channel Island Blvd
PMB 170
4 | Oxnard, CA 93035
Telephone: (805) 218-0449
5 | Facsimile:  (805) 650-3778

6 | Barrett S. Litt, State Bar No. 45527
7 | Litt, Estuar, Harrison & Kitson, LLP
E-Mail: blitt@littlaw.com
8 | 1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
9 | Telephone: (213) 386-3114
Facsimile:  (213) 380-4585
10 |
11 | Attorneys for Plaintiffs

Jeffrey Held, State Bar No. 106991
Law Offices of Alan Wisotsky
lawyers@wisotskylaw.com
300 Esplanade Drive, Suite 1500
Oxnard, CA 93036
Telephone: (805) 278-0920
Facsimile: (805-278-0289

Attorneys for Defendants

16 | UNITED STATES DISTRICT COURT

17 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

18 |
19 | JUAN GAMINO, individually and as a class representative; KATHY CONLEY, individually and as a class representative; ED FERRELL, individually and as a class representative;

Case No. CV-02-9785 CBM (Ex)

**DECLARATION OF RYANNE COZZI**

Plaintiffs,

v.

COUNTY OF VENTURA; VENTURA COUNTY SHERIFF BOB BROOKS, individually and in his Capacity as Sheriff of Ventura County; DOES 1-10,

Defendants.

**DATE**:   February 2, 2009
**TIME**:   10:00 A.M.
**CTRM**:      2

I, Ryanne Cozzi, declare as follows:

1.      I am employed by Gilardi & Co., LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California.  Gilardi was appointed as the Settlement Administrator in this matter.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      On or before July 23, 2008, Gilardi received from the Defendants a list of names and addresses of 3,408 known Tier class members the in this matter ("Tier List").  Gilardi removed 113 records where an address for mailing was not on file with the County, processed the names and addresses through the National Change of Address Database to update any addresses on file with the United States Postal Service ("USPS") and formatted the list for mailing purposes ("Mailing List").

3.      On or before July 23, 2008, Gilardi received from the Defendants a list of names and addresses of 2,634 Potential Class Members in this matter ("Potential Class List").  Gilardi removed 623 records where an address for mailing was not on file with the county, processed the names and addresses through the National Change of Address Database to update any addresses on file with the United States Postal Service ("USPS") and formatted the list for mailing purposes ("Mailing List").

4.      On or before August 18, 2008, Gilardi established a web page (www.gaminovventuraco.com) with the Order for preliminary Approval of Settlement, Stipulation of Settlement, Class and Settlement Notice ("Notice"), and Proof of Claim Form ("Claim Form") posted thereon.  The Notice and Claim Form was posted in both English and Spanish.

5.      On or before August 18, 2008, Gilardi established a toll free telephone number (888-309-3897) for class members to call to ask questions and request a Notice Packet to be sent to them.

6.    On or before September 22, 2008 Gilardi caused the Notice, Claim Form, and return envelope ("Notice Packet") to be mailed by the United States Postal Service ("USPS") to the 3,295 Tier Class Members on Mailing List. Attached hereto as Exhibit A is a true and correct copy of the Notice Packet.

7.    On or before September 22, 2008 Gilardi caused the Notice, Claim Form, Potential Class Member Letter and return envelope ("Notice Packet") to be mailed by the USPS to the 2,011 Potential Class Members on Mailing List. Attached hereto as Exhibit B is a true and correct copy of the Notice Packet.

8.    On October 6, 17, 22, and 29 2008, Gilardi caused a copy of the Summary Notice to be published in the <u>Los Angeles Times</u>.  On October 6, 18, 22, and 29 2008, Gilardi caused a copy of the Summary Notice to be published in the <u>Ventura Star</u>. Attached as Exhibit C is a true and correct copy of the Summary Notice published in said newspapers.

9.    Gilardi caused a broadcast of the Summary Notice to be read on the Ventura County Cable Access Network 41 times between the weeks of October 29, 2008 through December 8, 2008.

10.    Since the mailing to the names and addresses on the Mailing List, Gilardi has received 34 Notice Packets returned by the USPS with updated addresses.  Gilardi promptly remailed these Notice Packets to the updated address supplied by the USPS.

11.    Gilardi has received and fulfilled an additional 372 requests for Notice Packets from individuals who had learned of the class action and settlement through the Publication Notices, Television, or website.

12.    Since mailing the Notice Packets to the individuals on the Mailing List, Gilardi has received 1,832 Notice Packets returned by the USPS with undeliverable addresses. Gilardi, through a third party locator service, performed address searches for these Notice Packets and was able to find updated addresses for 1,065 individuals whose Notice Packets were returned undeliverable and remailed the Packets to those updated addresses.

13.   The exclusion deadline was on December 22, 2008.  As of January 5, 2009, Gilardi has received 5 timely requests for exclusion from the settlement.

14.   Gilardi has received no objections to either the settlement or the request for attorney's fees.

15.   The claims filing postmark deadline was on December 22, 2008.  As of January 5, 2009, Gilardi has received 1,010 timely Claim Forms and 1 late Claim Form.

16.   Of the 1,010 timely Claim Forms submitted, 36 claims were filed by Tier 1 class members, 191 claims were filed by Tier 2 Class Members, 390 claims were filed by Tier 3 Single Class Members, 118 claims were filed by Tier 3 Repeat Class Members, 201 claims were filed by Possible Class Members, and after preliminary review 74 claims submitted were from persons not on either the Tier Class List or the Possible Class Member List but further research by Gilardi is being performed.  The Possible Class Member claims will be processed as provided in the parties' settlement agreement, which includes individualized review by the County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 6th day of January, 2009 at San Rafael, California.

RYANNE COZZI

# EXHIBIT A

## CLASS AND SETTLEMENT NOTICE

NOTICE OF CLASS ACTION, PROPOSED CLASS SETTLEMENT AND HEARING

RE: *Gamino, et al. v. County of Ventura, et al.,*
**United States District Court, Central District of California, Case No. CV 02-9785 CBM**.

This Class and Settlement Notice is available by phone or the internet.  Call toll-free 1-866-907-1963 or visit the following website: **www.gaminovventuraco.com**.

**If, between December 24, 2001 and March 27, 2003, you were arrested in Ventura County and booked in a Ventura County Sheriff's Department facility, booked on violation of Health & Safety Code Section 11550 (under the influence of drugs) and were subjected to a visual strip search during the process,**

**You may be a CLASS MEMBER and entitled to MONEY.**

There is currently pending a class action lawsuit in the United States District Court, Central District of California.  The Court has certified the case as a class action.  If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

Ventura County records show that **you may be a CLASS MEMBER.**  Therefore, **you may be eligible to receive MONEY.**  To receive any money in this pending Settlement, **you must fill out and mail a Claim Form**.

**Your Claim Form**
must be **postmarked** or received by the Class Administrator
no later than December 22, 2008.

**If you wish to "opt out", or be excluded from the Settlement, your opt-out letter must be postmarked or received by the Class Administrator by December 22, 2008.**

Even if you do not submit a Claim Form(s) or opt out by the above deadline, you will nonetheless be bound by the Settlement.

**If You Wish to Claim Money,**
**Fill Out and Mail the Enclosed Claim Form Today.**

If you receive more than one Claim Form, sign and file all Claim Forms you receive.

**Para solicitar que se le envíen un Aviso y un Formulario de Reclamación en español, llame al 1-866-907-1963 (sin costo) o descargue el formulario de Internet en: www.gaminovventuraco.com o escríbale al Administrador del colectivo de** *Gamino v. Ventura County*, **c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA  94912-8060**

Below are questions and answers designed to explain to you information about this lawsuit, including how to proceed to file a claim or otherwise participate in the Settlement process.

**1.    What Is The Class Action Lawsuit About?**

This lawsuit involves the former policy and/or practice of the Ventura County Jail of strip searching persons arrested on charges of California Health & Safety Code §11550 (under the influence of drugs) (hereafter "H&S §11550"). The class period covers between December 24, 2001 and March 27, 2003.

**2.    Who Is A Member Of The Class?**

You are a member of the class if you were arrested on charges of California Health & Safety Code §11550 (under the influence of drugs) between December 24, 2001 and March 27, 2003 and were strip searched, and your claim can be verified from the records of the Ventura County Sheriff's Department.

Ventura County must have a record of your being in custody such that officials can identify you individually by true name and other methods of identification and ascertain that you qualify as someone who is a member of the class. Such records are the sole and final way it is determined who is a member of the class.

You have received this Notice either because, (1) County of Ventura records indicate that you may be in the class, or (2) you contacted the Class Administrator in the belief that you are in the class. Whether or not you qualify as a class member will be based upon records of the County of Ventura. If those records do not contain your name and show you to be within the definition of the class, you will not qualify.

**3.    What Is The Purpose Of This Notice?**

You have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. Your rights may be affected by this lawsuit.

This information is being sent to every known person who is or may be a member of the class based upon the last known address available from the records of the Ventura County Sheriff's Department, and otherwise publicized to reach class members.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are obtained, who is eligible and how to file a claim.

The Court in charge of the case is the United States District Court for the Central District of California, located in Los Angeles, California. The case is known as <u>Gamino v. Ventura County, et al.</u>, Case No. CV 02-9785 CBM. The people who brought the case are called Plaintiffs, and the people they sued are called Defendants.

**4.    Why Is This A Class Action?**

In a class action, one or more persons, called the Class Representative(s), sue on behalf of a group of people who have similar claims – the Class Members. One court then resolves the issues for all Class Members, except for those who exclude themselves from the class.

**5.    Why Is There A Settlement?**

This case has been going on for a very long time. Instead of continuing with the case, both sides have agreed to a settlement. That way, both sides are able to avoid the risks and costs of a trial or appeal, the case can be resolved immediately, and the benefits of the Settlement can be made immediately available to the Class Members. The Class Representatives and their attorneys think that the proposed Settlement is fair to the Class Members and the parties in the case and think that the terms of the Settlement are a fair, reasonable and adequate resolution of this matter. Because this is a settlement, the Defendants do not formally admit liability, but they nonetheless agree to pay money to class members under the terms of the settlement.

**6.    Are There Lawyers Representing You?**

The Court has approved lawyers (called "Class Counsel") to collectively represent you. You will not be asked to pay your own personal money for the services of these attorneys and their associates and staff in litigating this case and negotiating this Settlement. Instead, the lawyers will seek payment from the defendants, subject to final approval of the Court, as is described further below. Only Class Counsel may act on behalf of the class. However, that does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

**7.    What Does The Settlement Provide?**

The Settlement provides for the following payments to class members in three tiers:

a)    Tier 1 Payment: A Class Member who was strip searched during the Class Period and at the time of the booking was charged with an offense concerning weapons or violence in addition to a charge of violation of H&S §11550, Defendants agree to pay a one-time only sum of $250.00 (Two Hundred Fifty Dollars).

b)    Tier 2 Payment: A Class Member who was strip searched during the Class Period and at the time of the booking was charged with an offense relating to a drug or narcotics offense in addition to a charge of violation of H&S §11550, Defendants agree to pay a one-time only sum of $650.00 (Six Hundred Fifty Dollars).

c)    Tier 3 Payment: A Class Member who was strip searched during the Class Period and at the time of the booking was charged with violation of H&S §11550, but not with any weapons, violence or drug charge pursuant to a schedule listing such offenses, Defendants agree to pay a one-time only payment of $2,300 (Two Thousand Three Hundred Dollars). If a Class Member who qualifies for a Tier 3 payment and who was subjected to a second separate and distinct arrest, booking and strip search during the Class Period that otherwise qualifies as Tier 3, Defendants agree to pay a one-time only additional payment of $700 (Seven Hundred Dollars). Defendants shall not be liable to pay for any additional amount for any additional strip search.

The Class Administrator shall deduct from any claim payment amounts owed by a claim participant for liens or court orders for restitution, child support, debts owed to the County of Ventura or any statutory liens. By filing a Claim Form, you agree to allow the Class Administrator access to your records regarding child support or potential statutory liens.

If a class member who has submitted a timely claim form is notified of a lien, and believes that there is a mistake of some kind, he or she shall have the right to seek a review of the lien by submitting a letter and documentation, which shall be reviewed by a Special Master, whose determination will be final and non-appealable. No hearing shall be held on such review unless ordered by the Special Master.

However, no more than 50% of the amount due to a claimant may be deducted to pay such restitution, debts or liens, so all qualifying claimants will receive some money even if such deductions occur.

In addition, the Agreement provides for the following other payments:

a)    Separate payment by Defendants up to $250,000 for settlement administration fees.

b)    Separate payment by Defendants of a total not exceeding $150,000, a portion of which will be paid to each individual who was a Named Plaintiff and Class Representative, and whose individual damages could be assessed prior to Settlement. These plaintiffs will receive more under the Settlement than other Class Members because of the role that they played in the litigation, and because of individualized damages determinations made in their cases. The Court will finally approve whether to allow this amount or a different (but not higher) amount.

c)    An award of attorneys' fees and costs, to be separately paid by the Defendants, in the amount of $1,400,000, subject to the final approval of the Court.

3

**8.   Will I Receive Anything From The Settlement?**

If it is verified that you are a Class Member, and you file an approved claim within the time set by the Court, you will be entitled to receive compensation in accordance with the schedule described above.

**9.   What Happens If I Have County Or Other Liens Against Me?**

Some class members will have liens or court orders for restitution, child support, debts to county and statutory liens against them. The County may withhold from your settlement up to 50% of the funds to which you would otherwise be entitled, but not more, to satisfy such liens or debts. Thus, if you are such a person, you will still receive half of your award.

**10.   What Do I Do To Get Money?**

If you wish to receive money from the Settlement, you must complete and submit the accompanying Claim Form. Read the instructions on the Claim Form carefully. **All Claim Forms must be completed and postmarked (or received by the Class Administrator) no later than December 22, 2008,** but it is recommended that you complete and mail your Claim Form as soon as possible. **If you do not timely and properly submit your Claim Form, you will not receive any money** from the Settlement. If you need a copy of a Claim Form, please call 1-866-907-1963 (toll free), or write to the *Gamino v. Ventura County* Class Administrator, c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA  94912-8060, or download the Form from the Internet at www.gaminovventuraco.com.

**11.   What Do I Do If I Received a Notice That I Was A Possible Settlement Class Member?**

Because, for part of the class period, Ventura County computer records did not always identify those who had been charged with violations of H&S §11550, some people will receive letters asking if, to the best of their recollection, they were so charged and strip searched. Individuals who believe they qualify should complete and return a claim form within the time explained in this Notice, in which they state, under penalty of perjury, that it is their best recollection that they were so charged and strip searched. At that point, their non-computer records will be reviewed to determine if they are a class member. There is then a procedure to determine whether that person is a class member. Any such person who makes such a claim may seek review of a negative determination.

**12.   Can I Exclude Myself From The Settlement?**

If you do not want to be a member of the class, then you must take steps to get out of the class. This is called "excluding yourself" from, and sometimes is referred to as "opting out" of, the class.

**13.   What Do I Do To Exclude Myself From The Lawsuit?**

To exclude yourself, you must send a letter by First-Class mail clearly stating that you want to be excluded from Gamino v. Ventura County. Be sure to include your name, address, telephone number and signature. The name and address of your attorney is not sufficient. **You must mail your Exclusion Request, postmarked no later than December 22, 2008,** to:

*Gamino v. Ventura County* Class Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA  94912-8060

You cannot exclude yourself on the phone or by email. If you are excluded, you will not be entitled to get any money from the Settlement, and you cannot object to the Settlement. Nor will you be legally bound by anything that happens in this lawsuit.

Unless you exclude yourself from the class, you remain in the class and give up all of your rights against the Defendants except those available to you under this Settlement. That means that, if you do not exclude yourself and

4

you also do not file a claim, you will receive no money but still lose your rights against the Defendants. **So be sure to file your claim**.

### 14.   What Is The Release Of Claims?

If you are a class member and have not excluded yourself from the class as described above, you are waiving all your rights to all claims during the class period related to strip searches by the Ventura County Sheriff's Department falling within the Court's definition of the Class, even those you are not aware of at present. This waiver includes a waiver of the provisions of California Civil Code §1542, which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor". By not excluding yourself, you will be giving up unsuspected claims in these areas related to strip searches by the Ventura County Sheriff's Department. However, you will not be giving up any other claim(s) that you may have against Ventura County for conduct not covered by this Settlement, for example, a false arrest or battery by a police officer.

### 15.   If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?

If you are and remain a Class Member, you can object to the Settlement if you do not like any part of it, or you may object to the request for Attorneys' Fees. You must give the reason why you think that the Court should not approve the Settlement or the requested Attorneys' Fees (i.e., a mere statement that "I object" will not be sufficient). Do not contact the Court orally to object. Rather, you must send a written statement with the case name and number (*Gamino v. Ventura County*, Case No. CV 02-9785 CBM) at the top of the page. In addition, provide your name, your address (just giving the address of an attorney who represents you is not sufficient), your telephone number, the date of arrest to the extent known, your signature and the reason why you object. If you are represented by a lawyer, you should also give the name, address and telephone number of that lawyer. **You must mail your objections and any supporting papers by First-Class mail, postmarked no later than November 24, 2008**, to the Court and counsel as follows:

| | | |
|---|---|---|
| Clerk of the Court | Earnest C.S. Bell | Jeffrey Held |
| United States District Court | Law Offices of Earnest Bell | Law Office of Alan Wisotsky |
| 312 N. Spring Street | 2544 Peninsula Rd. | 300 Esplanade Drive, Suite 1500 |
| Los Angeles, CA  90012 | Oxnard, CA  93035 | Oxnard, CA  93036 |

A full set of the settlement documents, including the Proposed Final Order of Approval and Settlement and the Motion For Award of Attorneys' Fees and Costs either is available (or will be if the motion for attorneys' fees has not yet been filed) on the case website: www.gaminovventuraco.com.

### 16.   What Is The Difference Between Objecting And Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the class. If you object and the Court rejects your objection, you remain a member of the class and will be bound by any outcome of the case. Excluding yourself is telling the Court that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you do object, you should also file a claim form.

### 17.   When And Where Will The Court Decide Whether To Approve The Settlement And Attorneys' Fees?

The Court has scheduled the Fairness Hearing for 10:00 A.M. on January 19, 2009, in the United States District Courthouse for the Central District of California, 312 N. Spring Street, Los Angeles, CA  90012, in Judge Marshall's Courtroom, Courtroom No. Two. At this Hearing, Judge Marshall will consider whether the Settlement is fair, reasonable and adequate, and will determine the amount of Attorneys' Fees and costs to be awarded. If there are any objections, the Court will consider and rule on them. We do not know how long this process will take. We do not know if the Hearing will be continued. There will not be a new notice if it is. You may speak at the Hearing but only if you have submitted your comments or objections as described above.

**18.   Do I Have To Come To The Hearing?**

No.  You may, but need not, attend the Hearing.  Class Counsel will answer any questions the Court may have.  However, you may come if you choose, at your own expense.  If you sent a written objection, you do not have to come to Court to talk about it.  As long as you properly submitted your written objection, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**19.   May I Speak At The Hearing?**

You will not be heard unless you have submitted your comments or objections and have requested to address the Court at the Hearing.  You cannot speak at the Hearing if you exclude yourself.  If you have submitted an objection, the Court will decide whether or not to hear from you verbally as well.

**20.   What Happens If I Do Nothing At All?**

If you do nothing, your rights will be affected.  You will be bound by the terms of the Settlement and you will be agreeing to a release of the claims that are contained in the Settlement.  However, because you did not file a claim, you will not be entitled to any money from the Settlement.

**21.   When Will I Receive Money From The Settlement?**

No money will be paid until after the Settlement is approved and all possibilities of appeal are completed.  After that, it will take at least two months, and quite possibly more, to process all the claims, calculate the amount due to each Class Member and receive the money to send to the Class Members. And for some, whose status as a class member is not clear, it may take considerably longer.

If you file a claim and do not receive money within six months after December 22, 2008, which is the last day to mail or file a claim, check the website for this case about when mailings are expected, or contact the Class Administrator by either calling 1-866-907-1963 or writing to:

*Gamino v. Ventura County* Class Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA  94912-8060

We strongly recommend that you keep a copy of your Claim Form.  You may want to send the Form in by certified mail so it can be verified, but you are not required to do so.

**22.   What Happens If There Is Not A Final Settlement?**

Under certain circumstances, it is possible the settlement might not go through (for example, if there are too many people who decide not to participate or if the court for some reason does not approve the settlement).  In that situation, the case would go forward and go to trial.

**23.   Are There More Details About The Settlement?**

This Notice merely summarizes the proposed Settlement.   You may go to the website titled www.gaminovventuraco.com to see the complete Settlement documents in the case, or a copy of the Motion for Award of Attorneys' Fees and Costs when it is filed.  In the event that any description in this Notice of the terms in the Settlement documents conflict with the actual terms of the Settlement documents, the terms of the Settlement documents control.  You may also contact class counsel Earnest Bell, 2544 Peninsula Rd., Oxnard, CA 93035.

## PROOF OF CLAIM FORM

### VENTURA COUNTY SHERIFF STRIP SEARCH LAW SUIT CLASS ACTION CLAIM FORM
### (*GAMINO, ET AL. V. COUNTY OF VENTURA, ET AL.*)
### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT
### CASE NO. CV 02-9785 CBM

**CLAIMANT INFORMATION**

«Barcode» Claim #: VTRA1-«Claim»-«CkDig»-   «MailRec»          Name / Mailing Address Changes:
«FName» «LName»
«c/o»
«Addr1» «Addr2»
«City», «ST» «Zip»

If your name or address is different from those shown above, print the corrections on the lines to the right.

(_____) _____          _____
Area Code          Phone Number                              CA Driver's License Number

Social Security Number:_____-_____-_____          Date of Birth: _____

**FILL OUT THIS FORM IF, BETWEEN THE DATES OF DECEMBER 24, 2001 AND MARCH 27, 2003 ("CLASS PERIOD"), YOU WERE, TO YOUR GOOD FAITH BEST RECOLLECTION, ARRESTED AND BOOKED FOR VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE SECTION 11550 ("H&S §11550") IN A VENTURA COUNTY SHERIFF'S DEPARTMENT JAIL FACILITY AND WERE SUBJECTED TO A VISUAL STRIP SEARCH BY THE VENTURA COUNTY SHERIFF'S DEPARTMENT.**

CLASS MEMBERS WHO WERE ARRESTED AND STRIP SEARCHED DURING THE CLASS PERIOD AND AT THE TIME OF BOOKING AT THE VENTURA COUNTY JAIL WERE CHARGED WITH H&S §11550 IN ADDITION TO AN OFFENSE CONCERNING WEAPONS OR VIOLENCE WILL BE ENTITLED TO RECEIVE A PAYMENT OF $250.00.

CLASS MEMBERS WHO WERE ARRESTED AND STRIP SEARCHED DURING THE CLASS PERIOD AND AT THE TIME OF BOOKING AT THE VENTURA COUNTY JAIL WERE CHARGED WITH H&S §11550 IN ADDITION TO AN OFFENSE RELATING TO A DRUG OR NARCOTICS OFFENSE WILL BE ENTITLED TO RECEIVE A PAYMENT OF $650.00.

CLASS MEMBERS WHO WERE ARRESTED AND STRIP SEARCHED DURING THE CLASS PERIOD AND AT THE TIME OF BOOKING AT THE VENTURA COUNTY JAIL WERE CHARGED WITH H&S §11550 BUT NOT WITH ANY OTHER DRUG, WEAPON OR VIOLENCE CHARGES AS DEFINED BY AGREEMENT OF THE PARTIES, WILL BE ENTITLED TO RECEIVE A PAYMENT OF $2,300.00.

The Class Administrator shall deduct from any claim payment amounts owed by a claim participant for unpaid statutory liens up to 50% of the amount of the payment to which the claim participant is otherwise entitled. By filing a Claim Form, you agree to allow the Class Administrator access to your records regarding your arrest and any potential statutory liens.

You must fully complete and submit this claim form so that it is postmarked no later than December 22, 2008 to qualify for payment from settlement of this class action case against the County of Ventura. If you do not return a fully completed claim form by the due date, you will receive no money from the settlement but will still be bound by its terms, including that you will have waived and released all strip search claims against the County of Ventura and the other Defendants.

**Para solicitar que se le envíen un Aviso y un Formulario de Reclamación en español, llame al 1-866-907-1963 (sin costo) o descargue el formulario de Internet en: www.gaminovventuraco.com o escríbale al Administrador del colectivo de *Gamino v. Ventura County*, c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA 94912-8060.**

## CLASS ACTION CLAIM FORM

IN ANSWERING EACH QUESTION BELOW, YOU ARE STATING UNDER PENALTY OF PERJURY THAT, TO THE BEST OF YOUR GOOD FAITH RECOLLECTION, THE ANSWERS ARE CORRECT:

1. Were you, at any time between December 24, 2001 and March 27, 2003, arrested in Ventura County, booked in a Ventura County Jail facility and subjected to a visual strip search by the Ventura County Sheriff's Department for an arrest that included a violation of Health & Safety Code §11550 (under the influence of drugs)?

**YES**   **NO**

☐      ☐

If you answered "yes" to the above, please continue to answer the questions below.

2. Between December 24, 2001 and March 27, 2003, were you arrested in Ventura County, booked in a Ventura County Jail facility and subjected to a visual strip search by the Ventura County Sheriff's Department for an arrest that included a violation of Health & Safety Code §11550 on more than one occasion?

**YES**   **NO**

☐      ☐

3. If your answer to Question No. 2 is "yes", state the number of times you were arrested, booked and strip searched by the Ventura County Sheriff's Department for an arrest that included a violation of Health & Safety Code Section §11550 and the date of each arrest and strip search.

_____

_____

Eligibility will be based solely on records maintained by the Ventura County Sheriff's Department. If your claim is rejected, you will be given notice and an opportunity to submit evidence showing the Ventura County Sheriff's Department records are wrong and you do qualify for payment.

Use the return envelope and mail or hand-deliver the completed claim form and any supporting information to:

Ventura County Class Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060
1-866-907-1963 (toll free)

BY SIGNING THIS CLAIM FORM, YOU AUTHORIZE CLASS COUNSEL, DEFENDANTS AND THE APPOINTED CLASS ADMINISTRATOR GILARDI & CO., ACCESS TO YOUR CRIMINAL ARREST AND BOOKING RECORDS MAINTAINED BY THE COUNTY OF VENTURA FOR THE EXPRESS AND SOLE PURPOSE OF VERIFYING YOUR CLAIM AND EVALUATING WHETHER YOU QUALIFY FOR COMPENSATION AS PART OF THIS SETTLEMENT. YOU ARE EXPRESSLY WAIVING ANY PRIVACY CLAIMS YOU MAY HAVE AS TO GILARDI & CO., CLASS COUNSEL AND THE COUNTY OF VENTURA, ITS EMPLOYEES AND COUNSEL WITH RESPECT TO THESE RECORDS.

By participating in the Settlement you will be waiving all your rights to all claims related to strip searches by the VCSD falling within the Court's definition of the Class, even those you are not aware of at present. This waiver includes a waiver of the provisions of California Civil Code §1542, which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor". By participating, you will be giving up unsuspected claims in these areas. For full terms and conditions of this settlement, contact the Administrator for a copy of the Stipulation of Settlement.

By signing this form below, I am confirming that the above information is correct to the best of my recollection and that:

1. I am the person identified above and I am over the age of 18.
2. I have not received money or compensation for any of the claims involved in this case.
3. I will abide by, and be limited to, the formula for damages approved by the Court.
4. I will keep the Class Administrator informed of my whereabouts at all times.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE ABOVE IS TRUE AND CORRECT:

DATED:_____   SIGNATURE:_____

**THIS CLAIM FORM MUST BE FULLY COMPLETED, SIGNED AND RETURNED WITH A POSTMARK NO LATER THAN DECEMBER 22, 2008.**

**If you need assistance in completing this form, please feel free to contact the following plaintiffs' class counsel: Earnest C.S. Bell, The Law Offices of Earnest C.S. Bell, 2544 Peninsula Rd., Oxnard, CA 93035.**

**DO <u>NOT</u> CONTACT THE UNITED STATES DISTRICT COURT.**

# EXHIBIT B

### CLASS AND SETTLEMENT NOTICE

NOTICE OF CLASS ACTION, PROPOSED CLASS SETTLEMENT AND HEARING

RE: *Gamino, et al. v. County of Ventura, et al.,*
**United States District Court, Central District of California, Case No. CV 02-9785 CBM**.

This Class and Settlement Notice is available by phone or the internet. Call toll-free 1-866-907-1963 or visit the following website: **www.gaminovventuraco.com**.

**If, between December 24, 2001 and March 27, 2003, you were arrested in Ventura County and booked in a Ventura County Sheriff's Department facility, booked on violation of Health & Safety Code Section 11550 (under the influence of drugs) and were subjected to a visual strip search during the process,**

**You may be a CLASS MEMBER and entitled to MONEY.**

There is currently pending a class action lawsuit in the United States District Court, Central District of California. The Court has certified the case as a class action. If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

Ventura County records show that **you may be a CLASS MEMBER.** Therefore, **you may be eligible to receive MONEY.** To receive any money in this pending Settlement, **you must fill out and mail a Claim Form.**

**Your Claim Form**
must be **postmarked** or received by the Class Administrator
no later than December 22, 2008.

**If you wish to "opt out", or be excluded from the Settlement, your opt-out letter must be postmarked or received by the Class Administrator by December 22, 2008.**

Even if you do not submit a Claim Form(s) or opt out by the above deadline, you will nonetheless be bound by the Settlement.

**If You Wish to Claim Money,**
**Fill Out and Mail the Enclosed Claim Form Today.**

If you receive more than one Claim Form, sign and file <u>all</u> Claim Forms you receive.

**Para solicitar que se le envíen un Aviso y un Formulario de Reclamación en español, llame al 1-866-907-1963 (sin costo) o descargue el formulario de Internet en: www.gaminovventuraco.com o escríbale al Administrador del colectivo de *Gamino v. Ventura County,* c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA 94912-8060**

Below are questions and answers designed to explain to you information about this lawsuit, including how to proceed to file a claim or otherwise participate in the Settlement process.

**1.     What Is The Class Action Lawsuit About?**

This lawsuit involves the former policy and/or practice of the Ventura County Jail of strip searching persons arrested on charges of California Health & Safety Code §11550 (under the influence of drugs) (hereafter "H&S §11550"). The class period covers between December 24, 2001 and March 27, 2003.

**2.     Who Is A Member Of The Class?**

You are a member of the class if you were arrested on charges of California Health & Safety Code §11550 (under the influence of drugs) between December 24, 2001 and March 27, 2003 and were strip searched, and your claim can be verified from the records of the Ventura County Sheriff's Department.

Ventura County must have a record of your being in custody such that officials can identify you individually by true name and other methods of identification and ascertain that you qualify as someone who is a member of the class. Such records are the sole and final way it is determined who is a member of the class.

You have received this Notice either because, (1) County of Ventura records indicate that you may be in the class, or (2) you contacted the Class Administrator in the belief that you are in the class. Whether or not you qualify as a class member will be based upon records of the County of Ventura. If those records do not contain your name and show you to be within the definition of the class, you will not qualify.

**3.     What Is The Purpose Of This Notice?**

You have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. Your rights may be affected by this lawsuit.

This information is being sent to every known person who is or may be a member of the class based upon the last known address available from the records of the Ventura County Sheriff's Department, and otherwise publicized to reach class members.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are obtained, who is eligible and how to file a claim.

The Court in charge of the case is the United States District Court for the Central District of California, located in Los Angeles, California. The case is known as <u>Gamino v. Ventura County, et al.</u>, Case No. CV 02-9785 CBM. The people who brought the case are called Plaintiffs, and the people they sued are called Defendants.

**4.     Why Is This A Class Action?**

In a class action, one or more persons, called the Class Representative(s), sue on behalf of a group of people who have similar claims – the Class Members. One court then resolves the issues for all Class Members, except for those who exclude themselves from the class.

**5.     Why Is There A Settlement?**

This case has been going on for a very long time. Instead of continuing with the case, both sides have agreed to a settlement. That way, both sides are able to avoid the risks and costs of a trial or appeal, the case can be resolved immediately, and the benefits of the Settlement can be made immediately available to the Class Members. The Class Representatives and their attorneys think that the proposed Settlement is fair to the Class Members and the parties in the case and think that the terms of the Settlement are a fair, reasonable and adequate resolution of this matter. Because this is a settlement, the Defendants do not formally admit liability, but they nonetheless agree to pay money to class members under the terms of the settlement.

6.    **Are There Lawyers Representing You?**

The Court has approved lawyers (called "Class Counsel") to collectively represent you.  You will not be asked to pay your own personal money for the services of these attorneys and their associates and staff in litigating this case and negotiating this Settlement.  Instead, the lawyers will seek payment from the defendants, subject to final approval of the Court, as is described further below.  Only Class Counsel may act on behalf of the class.  However, that does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit.  If you want to be represented by your own lawyer, you may hire one at your own expense.

7.    **What Does The Settlement Provide?**

The Settlement provides for the following payments to class members in three tiers:

a)    Tier 1 Payment:  A Class Member who was strip searched during the Class Period and at the time of the booking was charged with an offense concerning weapons or violence in addition to a charge of violation of H&S §11550, Defendants agree to pay a one-time only sum of $250.00 (Two Hundred Fifty Dollars).

b)    Tier 2 Payment:  A Class Member who was strip searched during the Class Period and at the time of the booking was charged with an offense relating to a drug or narcotics offense in addition to a charge of violation of H&S §11550, Defendants agree to pay a one-time only sum of $650.00 (Six Hundred Fifty Dollars).

c)    Tier 3 Payment:  A Class Member who was strip searched during the Class Period and at the time of the booking was charged with violation of H&S §11550, but not with any weapons, violence or drug charge pursuant to a schedule listing such offenses, Defendants agree to pay a one-time only payment of $2,300 (Two Thousand Three Hundred Dollars).  If a Class Member who qualifies for a Tier 3 payment and who was subjected to a second separate and distinct arrest, booking and strip search during the Class Period that otherwise qualifies as Tier 3, Defendants agree to pay a one-time only additional payment of $700 (Seven Hundred Dollars).  Defendants shall not be liable to pay for any additional amount for any additional strip search.

The Class Administrator shall deduct from any claim payment amounts owed by a claim participant for liens or court orders for restitution, child support, debts owed to the County of Ventura or any statutory liens.  By filing a Claim Form, you agree to allow the Class Administrator access to your records regarding child support or potential statutory liens.

If a class member who has submitted a timely claim form is notified of a lien, and believes  that there is a mistake of some kind, he or she shall have the right to seek a review of the lien by submitting a letter and documentation, which shall be reviewed by a Special Master, whose determination will be final and non-appealable.  No hearing shall be held on such review unless ordered by the Special Master.

However, no more than 50% of the amount due to a claimant may be deducted to pay such restitution, debts or liens, so all qualifying claimants will receive some money even if such deductions occur.

In addition, the Agreement provides for the following other payments:

a)    Separate payment by Defendants up to $250,000 for settlement administration fees.

b)    Separate payment by Defendants of a total not exceeding $150,000, a portion of which will be paid to each individual who was a Named Plaintiff and Class Representative, and whose individual damages could be assessed prior to Settlement.  These plaintiffs will receive more under the Settlement than other Class Members because of the role that they played in the litigation, and because of individualized damages determinations made in their cases.  The Court will finally approve whether to allow this amount or a different (but not higher) amount.

c)    An award of attorneys' fees and costs, to be separately paid by the Defendants, in the amount of $1,400,000, subject to the final approval of the Court.

**8.    Will I Receive Anything From The Settlement?**

If it is verified that you are a Class Member, and you file an approved claim within the time set by the Court, you will be entitled to receive compensation in accordance with the schedule described above.

**9.    What Happens If I Have County Or Other Liens Against Me?**

Some class members will have liens or court orders for restitution, child support, debts to county and statutory liens against them.  The County may withhold from your settlement up to 50% of the funds to which you would otherwise be entitled, but not more, to satisfy such liens or debts.  Thus, if you are such a person, you will still receive half of your award.

**10.    What Do I Do To Get Money?**

If you wish to receive money from the Settlement, you must complete and submit the accompanying Claim Form.  Read the instructions on the Claim Form carefully.  **All Claim Forms must be completed and postmarked (or received by the Class Administrator) no later than December 22, 2008,** but it is recommended that you complete and mail your Claim Form as soon as possible.  **If you do not timely and properly submit your Claim Form, you will not receive any money** from the Settlement.  If you need a copy of a Claim Form, please call 1-866-907-1963 (toll free), or write to the *Gamino v. Ventura County* Class Administrator, c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA  94912-8060, or download the Form from the Internet at www.gaminovventuraco.com.

**11.    What Do I Do If I Received a Notice That I Was A Possible Settlement Class Member?**

Because, for part of the class period, Ventura County computer records did not always identify those who had been charged with violations of H&S §11550, some people will receive letters asking if, to the best of their recollection, they were so charged and strip searched.  Individuals who believe they qualify should complete and return a claim form within the time explained in this Notice, in which they state, under penalty of perjury, that it is their best recollection that they were so charged and strip searched.  At that point, their non-computer records will be reviewed to determine if they are a class member.  There is then a procedure to determine whether that person is a class member.  Any such person who makes such a claim may seek review of a negative determination.

**12.    Can I Exclude Myself From The Settlement?**

If you do not want to be a member of the class, then you must take steps to get out of the class.  This is called "excluding yourself" from, and sometimes is referred to as "opting out" of, the class.

**13.    What Do I Do To Exclude Myself From The Lawsuit?**

To exclude yourself, you must send a letter by First-Class mail clearly stating that you want to be excluded from Gamino v. Ventura County.  Be sure to include your name, address, telephone number and signature.  The name and address of your attorney is not sufficient.  **You must mail your Exclusion Request, postmarked no later than December 22, 2008,** to:

*Gamino v. Ventura County* Class Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA  94912-8060

You cannot exclude yourself on the phone or by email.  If you are excluded, you will not be entitled to get any money from the Settlement, and you cannot object to the Settlement.  Nor will you be legally bound by anything that happens in this lawsuit.

Unless you exclude yourself from the class, you remain in the class and give up all of your rights against the Defendants except those available to you under this Settlement.  That means that, if you do not exclude yourself and

4

you also do not file a claim, you will receive no money but still lose your rights against the Defendants. **So be sure to file your claim**.

### 14. What Is The Release Of Claims?

If you are a class member and have not excluded yourself from the class as described above, you are waiving all your rights to all claims during the class period related to strip searches by the Ventura County Sheriff's Department falling within the Court's definition of the Class, even those you are not aware of at present. This waiver includes a waiver of the provisions of California Civil Code §1542, which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor". By not excluding yourself, you will be giving up unsuspected claims in these areas related to strip searches by the Ventura County Sheriff's Department. However, you will not be giving up any other claim(s) that you may have against Ventura County for conduct not covered by this Settlement, for example, a false arrest or battery by a police officer.

### 15. If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?

If you are and remain a Class Member, you can object to the Settlement if you do not like any part of it, or you may object to the request for Attorneys' Fees. You must give the reason why you think that the Court should not approve the Settlement or the requested Attorneys' Fees (i.e., a mere statement that "I object" will not be sufficient). Do not contact the Court orally to object. Rather, you must send a written statement with the case name and number (*Gamino v. Ventura County*, Case No. CV 02-9785 CBM) at the top of the page. In addition, provide your name, your address (just giving the address of an attorney who represents you is not sufficient), your telephone number, the date of arrest to the extent known, your signature and the reason why you object. If you are represented by a lawyer, you should also give the name, address and telephone number of that lawyer. **You must mail your objections and any supporting papers by First-Class mail, postmarked no later than November 24, 2008**, to the Court and counsel as follows:

| | | |
|---|---|---|
| Clerk of the Court | Earnest C.S. Bell | Jeffrey Held |
| United States District Court | Law Offices of Earnest Bell | Law Office of Alan Wisotsky |
| 312 N. Spring Street | 2544 Peninsula Rd. | 300 Esplanade Drive, Suite 1500 |
| Los Angeles, CA 90012 | Oxnard, CA 93035 | Oxnard, CA 93036 |

A full set of the settlement documents, including the Proposed Final Order of Approval and Settlement and the Motion For Award of Attorneys' Fees and Costs either is available (or will be if the motion for attorneys' fees has not yet been filed) on the case website: www.gaminovventuraco.com.

### 16. What Is The Difference Between Objecting And Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the class. If you object and the Court rejects your objection, you remain a member of the class and will be bound by any outcome of the case. Excluding yourself is telling the Court that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you do object, you should also file a claim form.

### 17. When And Where Will The Court Decide Whether To Approve The Settlement And Attorneys' Fees?

The Court has scheduled the Fairness Hearing for 10:00 A.M. on January 19, 2009, in the United States District Courthouse for the Central District of California, 312 N. Spring Street, Los Angeles, CA 90012, in Judge Marshall's Courtroom, Courtroom No. Two. At this Hearing, Judge Marshall will consider whether the Settlement is fair, reasonable and adequate, and will determine the amount of Attorneys' Fees and costs to be awarded. If there are any objections, the Court will consider and rule on them. We do not know how long this process will take. We do not know if the Hearing will be continued. There will not be a new notice if it is. You may speak at the Hearing but only if you have submitted your comments or objections as described above.

**18.    Do I Have To Come To The Hearing?**

No.  You may, but need not, attend the Hearing.  Class Counsel will answer any questions the Court may have.  However, you may come if you choose, at your own expense.  If you sent a written objection, you do not have to come to Court to talk about it.  As long as you properly submitted your written objection, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**19.    May I Speak At The Hearing?**

You will not be heard unless you have submitted your comments or objections and have requested to address the Court at the Hearing.  You cannot speak at the Hearing if you exclude yourself.  If you have submitted an objection, the Court will decide whether or not to hear from you verbally as well.

**20.    What Happens If I Do Nothing At All?**

If you do nothing, your rights will be affected.  You will be bound by the terms of the Settlement and you will be agreeing to a release of the claims that are contained in the Settlement.  However, because you did not file a claim, you will not be entitled to any money from the Settlement.

**21.    When Will I Receive Money From The Settlement?**

No money will be paid until after the Settlement is approved and all possibilities of appeal are completed.  After that, it will take at least two months, and quite possibly more, to process all the claims, calculate the amount due to each Class Member and receive the money to send to the Class Members. And for some, whose status as a class member is not clear, it may take considerably longer.

If you file a claim and do not receive money within six months after December 22, 2008, which is the last day to mail or file a claim, check the website for this case about when mailings are expected, or contact the Class Administrator by either calling 1-866-907-1963 or writing to:

*Gamino v. Ventura County* Class Administrator<br>
c/o Gilardi & Co. LLC<br>
P.O. Box 8060<br>
San Rafael, CA  94912-8060

We strongly recommend that you keep a copy of your Claim Form.  You may want to send the Form in by certified mail so it can be verified, but you are not required to do so.

**22.    What Happens If There Is Not A Final Settlement?**

Under certain circumstances, it is possible the settlement might not go through (for example, if there are too many people who decide not to participate or if the court for some reason does not approve the settlement).  In that situation, the case would go forward and go to trial.

**23.    Are There More Details About The Settlement?**

This Notice merely summarizes the proposed Settlement.    You may go to the website titled www.gaminovventuraco.com to see the complete Settlement documents in the case, or a copy of the Motion for Award of Attorneys' Fees and Costs when it is filed.  In the event that any description in this Notice of the terms in the Settlement documents conflict with the actual terms of the Settlement documents, the terms of the Settlement documents control.  You may also contact class counsel Earnest Bell, 2544 Peninsula Rd., Oxnard, CA 93035.

<u>**PROOF OF CLAIM FORM**</u>

**VENTURA COUNTY SHERIFF STRIP SEARCH LAW SUIT CLASS ACTION CLAIM FORM**
***(GAMINO, ET AL. V. COUNTY OF VENTURA, ET AL.)***
**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**
**CASE NO. CV 02-9785 CBM**

**CLAIMANT INFORMATION**

«Barcode» Claim #: VTRA1-«Claim»-«CkDig»-   «MailRec»          Name / Mailing Address Changes:
«FName» «LName»
«c/o»                                            _____
«Addr1» «Addr2»                                  _____
«City», «ST» «Zip»                               _____
                                                 _____

If your name or address is different from those shown above, print the corrections on the lines to the right.

(_____) _____          _____
Area Code      Phone Number                       CA Driver's License Number

Social Security Number:_____-____-_____    Date of Birth: _____

**FILL OUT THIS FORM IF, BETWEEN THE DATES OF DECEMBER 24, 2001 AND MARCH 27, 2003 ("CLASS PERIOD"), YOU WERE, TO YOUR GOOD FAITH BEST RECOLLECTION, ARRESTED AND BOOKED FOR VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE SECTION 11550 ("H&S §11550") IN A VENTURA COUNTY SHERIFF'S DEPARTMENT JAIL FACILITY AND WERE SUBJECTED TO A VISUAL STRIP SEARCH BY THE VENTURA COUNTY SHERIFF'S DEPARTMENT.**

> CLASS MEMBERS WHO WERE ARRESTED AND STRIP SEARCHED DURING THE CLASS PERIOD AND AT THE TIME OF BOOKING AT THE VENTURA COUNTY JAIL WERE CHARGED WITH H&S §11550 IN ADDITION TO AN OFFENSE CONCERNING WEAPONS OR VIOLENCE WILL BE ENTITLED TO RECEIVE A PAYMENT OF $250.00.

> CLASS MEMBERS WHO WERE ARRESTED AND STRIP SEARCHED DURING THE CLASS PERIOD AND AT THE TIME OF BOOKING AT THE VENTURA COUNTY JAIL WERE CHARGED WITH H&S §11550 IN ADDITION TO AN OFFENSE RELATING TO A DRUG OR NARCOTICS OFFENSE WILL BE ENTITLED TO RECEIVE A PAYMENT OF $650.00.

> CLASS MEMBERS WHO WERE ARRESTED AND STRIP SEARCHED DURING THE CLASS PERIOD AND AT THE TIME OF BOOKING AT THE VENTURA COUNTY JAIL WERE CHARGED WITH H&S §11550 BUT NOT WITH ANY OTHER DRUG, WEAPON OR VIOLENCE CHARGES AS DEFINED BY AGREEMENT OF THE PARTIES, WILL BE ENTITLED TO RECEIVE A PAYMENT OF $2,300.00.

The Class Administrator shall deduct from any claim payment amounts owed by a claim participant for unpaid statutory liens up to 50% of the amount of the payment to which the claim participant is otherwise entitled. By filing a Claim Form, you agree to allow the Class Administrator access to your records regarding your arrest and any potential statutory liens.

You must fully complete and submit this claim form so that it is postmarked no later than December 22, 2008 to qualify for payment from settlement of this class action case against the County of Ventura. If you do not return a fully completed claim form by the due date, you will receive no money from the settlement but will still be bound by its terms, including that you will have waived and released all strip search claims against the County of Ventura and the other Defendants.

**Para solicitar que se le envíen un Aviso y un Formulario de Reclamación en español, llame al 1-866-907-1963 (sin costo) o descargue el formulario de Internet en: www.gaminovventuraco.com o escríbale al Administrador del colectivo de *Gamino v. Ventura County*, c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA 94912-8060.**

# CLASS ACTION CLAIM FORM

IN ANSWERING EACH QUESTION BELOW, YOU ARE STATING UNDER PENALTY OF PERJURY THAT, TO THE BEST OF YOUR GOOD FAITH RECOLLECTION, THE ANSWERS ARE CORRECT:

1. Were you, at any time between December 24, 2001 and March 27, 2003, arrested in Ventura County, booked in a Ventura County Jail facility and subjected to a visual strip search by the Ventura County Sheriff's Department for an arrest that included a violation of Health & Safety Code §11550 (under the influence of drugs)?

**YES ☐   NO ☐**

If you answered "yes" to the above, please continue to answer the questions below.

2. Between December 24, 2001 and March 27, 2003, were you arrested in Ventura County, booked in a Ventura County Jail facility and subjected to a visual strip search by the Ventura County Sheriff's Department for an arrest that included a violation of Health & Safety Code §11550 on more than one occasion?

**YES ☐   NO ☐**

3. If your answer to Question No. 2 is "yes", state the number of times you were arrested, booked and strip searched by the Ventura County Sheriff's Department for an arrest that included a violation of Health & Safety Code Section §11550 and the date of each arrest and strip search.

_____

_____

Eligibility will be based solely on records maintained by the Ventura County Sheriff's Department. If your claim is rejected, you will be given notice and an opportunity to submit evidence showing the Ventura County Sheriff's Department records are wrong and you do qualify for payment.

Use the return envelope and mail or hand-deliver the completed claim form and any supporting information to:

Ventura County Class Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060
1-866-907-1963 (toll free)

BY SIGNING THIS CLAIM FORM, YOU AUTHORIZE CLASS COUNSEL, DEFENDANTS AND THE APPOINTED CLASS ADMINISTRATOR GILARDI & CO., ACCESS TO YOUR CRIMINAL ARREST AND BOOKING RECORDS MAINTAINED BY THE COUNTY OF VENTURA FOR THE EXPRESS AND SOLE PURPOSE OF VERIFYING YOUR CLAIM AND EVALUATING WHETHER YOU QUALIFY FOR COMPENSATION AS PART OF THIS SETTLEMENT. YOU ARE EXPRESSLY WAIVING ANY PRIVACY CLAIMS YOU MAY HAVE AS TO GILARDI & CO., CLASS COUNSEL AND THE COUNTY OF VENTURA, ITS EMPLOYEES AND COUNSEL WITH RESPECT TO THESE RECORDS.

By participating in the Settlement you will be waiving all your rights to all claims related to strip searches by the VCSD falling within the Court's definition of the Class, even those you are not aware of at present. This waiver includes a waiver of the provisions of California Civil Code §1542, which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor". By participating, you will be giving up unsuspected claims in these areas. For full terms and conditions of this settlement, contact the Administrator for a copy of the Stipulation of Settlement.

By signing this form below, I am confirming that the above information is correct to the best of my recollection and that:

1. I am the person identified above and I am over the age of 18.
2. I have not received money or compensation for any of the claims involved in this case.
3. I will abide by, and be limited to, the formula for damages approved by the Court.
4. I will keep the Class Administrator informed of my whereabouts at all times.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE ABOVE IS TRUE AND CORRECT:

DATED:_____   SIGNATURE:_____

**THIS CLAIM FORM MUST BE FULLY COMPLETED, SIGNED AND RETURNED WITH A POSTMARK NO LATER THAN DECEMBER 22, 2008.**

**If you need assistance in completing this form, please feel free to contact the following plaintiffs' class counsel: Earnest C.S. Bell, The Law Offices of Earnest C.S. Bell, 2544 Peninsula Rd., Oxnard, CA 93035.**

**DO NOT CONTACT THE UNITED STATES DISTRICT COURT.**

# YOU SHOULD READ THIS LETTER BECAUSE YOU ARE IN A CATEGORY WHICH WILL REQUIRE RESEARCH ON YOUR CLAIM BY THE COUNTY AND THE PROCESS IS EXPLAINED IN THIS LETTER.

September 22, 2008

RE:     Possible Settlement Class Member of *Gamino, et al. v. County of Ventura, et al.*
        *United States District Court, Central District of California*
        *Case No.  CV 02-9785 CBM*

Dear Sir or Madam:

The County of Ventura has been named as a defendant in a class action filed on behalf of persons who were required to undergo visual strip searches by the Ventura County Sheriff's Department ("VCSD") when arrested and booked for violation of Health & Safety Code Section 11550 ("H&S §11550") (being under the influence of drugs) during the period December 24, 2001 to March 27, 2003.

You have been identified as a person who was arrested and booked by the VCSD between December 24, 2001 and June 19, 2002.  Under the terms of the Settlement Agreement in this matter, you have been identified as a "Possible Settlement Class Member".  The computer records for this period only provide what was identified by the VCSD as the primary charge against an individual.  In your case, the records do not reflect a booking for H&S §11550 as the primary charge for your arrest.  However, we cannot determine from your computer record whether you had H&S §11550 as a charge not identified as the primary charge.  If you believe to the best of your recollection that you were booked for H&S §11550 during this period you may submit a Proof of Claim Form under penalty of perjury to the Class Administrator.  For your reference, a Proof of Claim Form along with a Class Notice is provided with this letter.

Upon submission of your Proof of Claim Form, the VCSD will search your actual arrest records (not just the computer records) to verify the accuracy of your claim.  By signing the Proof of Claim Form you are giving your consent to such a search.  Whether you qualify as a person arrested for H&S §11550, and therefore as a class member, will be based on Sheriff's Department records.

If your claim is accepted, you will become a Settlement Class Member under the terms of the Settlement Agreement and may be entitled to compensation in accordance with those terms.  If the Class Administrator denies your claim, you will have the right to appeal that decision to a Special Master appointed by the United States District Court.

**Should you have questions about this process, want more information about your rights, or need assistance in completing the claim form, please feel free to contact plaintiffs' class counsel: Earnest Bell at Law Offices of Earnest C.S. Bell, 2544 Peninsula Rd., Oxnard, CA  93035.**

**YOUR CLAIM MUST BE SUBMITTED BY DECEMBER 22, 2008, OR IT WILL NOT BE HONORED. IF YOU BELIEVE YOU ARE A CLASS MEMBER, YOU SHOULD READ THE NOTICE SENT WITH THIS LETTER TO UNDERSTAND THE PROPOSED SETTLEMENT, AND, IF YOU WISH TO PARTICIPATE, SEND IN YOUR CLAIM AS SOON AS POSSIBLE.**

**Do not contact the United States District Court.**

Very truly yours,

Gilardi & Co. LLC
Class Administrator

# EXHIBIT C



## CLASS ACTION STRIP SEARCH SETTLEMENT

**If, between December 24, 2001 and March 27, 2003, you were arrested in Ventura County and booked in a Ventura County Sheriff's Department facility, booked on violation of Health & Safety Code Section 11550 (under the influence of drugs) and were subjected to a visual strip search during the process.**

**You may be a CLASS MEMBER and entitled to MONEY.**

There is currently pending a class action lawsuit in the United States District Court, Central District of California. The Court has certified the case as a class action. If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

**What Is The Class Action Lawsuit About?**

This lawsuit involves the former policy and/or practice of the Ventura County Jail of strip searching persons arrested on charges of California Health & Safety Code §11550 (under the influence of drugs) (hereafter "H&S §11550"). The class period covers between December 24, 2001 and March 27, 2003.

**Who Is A Member Of The Class?**

You are a member of the class if you were arrested on charges of California Health & Safety Code §11550 (under the influence of drugs) between December 24, 2001 and March 27, 2003 and were strip searched, and your claim can be verified from the records of the Ventura County Sheriff's Department.

Ventura County must have a record of your being in custody such that officials can identify you individually by true name and other methods of identification and ascertain that you qualify as someone who is a member of the class. Such records are the sole and final way it is determined who is a member of the class.

**What Does The Settlement Provide?**

The Settlement provides for the following payments to class members in three tiers:

Class members who were arrested and strip searched during the class period and at the time of booking at the Ventura County Jail were charged with H&S §11550 in addition to an offense concerning weapons or violence will be entitled to receive a payment of $250.00.

Class members who were arrested and strip searched during the class period and at the time of booking at the Ventura County Jail were charged with H&S §11550 in addition to an offense relating to a drug or narcotics offense will be entitled to receive a payment of $650.00.

Class members who were arrested and strip searched during the class period and at the time of booking at the Ventura County Jail were charged with H&S §11550 but not with any other drug, weapon or violence charges as defined by agreement of the parties, will be entitled to receive a payment of $2,300.00.

The Claims Administrator shall deduct from any claim payment amounts owed by a claim participant for liens or court orders for restitution, child support, debts owed to the County of Ventura or any statutory liens. By filing a Claim Form, you agree to allow the Claims Administrator access to your records regarding child support or potential statutory liens.

If a class member who has submitted a timely claim form is notified of a lien, and believes that there is a mistake of some kind, he or shall have the right to seek a review of the lien by submitting a letter and documentation, which shall be reviewed by a Special Master, whose determination will be final and non-appealable. No hearing shall be held on such review unless ordered by the Special Master.

However, no more than 50% of the amount due to a claimant may be deducted to pay such restitution, debts or liens, so all qualifying claimants will receive some money even if such deductions occur.

In addition, the Agreement provides for the following other payments:

a) Separate payment by Defendants up to $250,000 for settlement administration fees.

b) Separate payment by Defendants of a total not exceeding $150,000, a portion of which will be paid to each individual who was a Named Plaintiff and Class Representative, and whose individual damages could be assessed prior to Settlement. These plaintiffs will receive more under the Settlement than other Class Members because of the role that they played in the litigation, and because of individualized damages determinations made in their cases. The Court will finally approve whether to allow this amount or a different (but not higher) amount.

c) An award of attorneys' fees and costs, to be separately paid by the Defendants, in the amount of $1,400,000, subject to the final approval of the Court.

**What Do I Do To Get Money?**

If you wish to receive money from the Settlement, you must complete and submit a Claim Form. Read the instructions on the Claim Form carefully. **All Claim Forms must be completed and postmarked (or received by the Administrator) no later than December 22, 2008.**

**FOR ADDITIONAL INFORMATION ON THE PROPOSED SETTLEMENT, AND TO OBTAIN A CLAIM FORM** visit www.gaminovventuraco.com or call 1-888-309-3897 (toll free).

*or write: Gamino v. Ventura County* Settlement Administrator
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060

---

VTRA - Ventura County
1/8 page (3.75" x 8")
7 pt font
Los Angeles Times
8/21/2008   2:10 PM



## CLASS ACTION STRIP SEARCH SETTLEMENT

**If, between December 24, 2001 and March 27, 2003, you were arrested in Ventura County and booked in a Ventura County Sheriff's Department facility, booked on violation of Health & Safety Code Section 11550 (under the influence of drugs) and were subjected to a visual strip search during the process**

**You may be a CLASS MEMBER and entitled to MONEY.**

There is currently pending a class action lawsuit in the United States District Court, Central District of California. The Court has certified the case as a class action. If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

**What Is The Class Action Lawsuit About?**

This lawsuit involves the former policy and/or practice of the Ventura County Jail of strip searching persons arrested on charges of California Health & Safety Code §11550 (under the influence of drugs) (hereafter "H&S §11550"). The class period covers between December 24, 2001 and March 27, 2003.

**Who Is A Member Of The Class?**

You are a member of the class if you were arrested on charges of California Health & Safety Code §11550 (under the influence of drugs) between December 24, 2001 and March 27, 2003 and were strip searched, and your claim can be verified from the records of the Ventura County Sheriff's Department.

Ventura County must have a record of your being in custody such that officials can identify you individually by true name and other methods of identification and ascertain that you qualify as someone who is a member of the class. Such records are the sole and final way it is determined who is a member of the class.

**What Does The Settlement Provide?**

The Settlement provides for the following payments to class members in three tiers:

Class members who were arrested and strip searched during the class period and at the time of booking at the Ventura County Jail were charged with H&S §11550 in addition to an offense concerning weapons or violence will be entitled to receive a payment of $250.00.

Class members who were arrested and strip searched during the class period and at the time of booking at the Ventura County Jail were charged with H&S §11550 in addition to an offense relating to a drug or narcotics offense will be entitled to receive a payment of $650.00.

Class members who were arrested and strip searched during the class period and at the time of booking at the Ventura County Jail were charged with H&S §11550 but not with any other drug, weapon or violence charges as defined by agreement of the parties, will be entitled to receive a payment of $2,300.00.

The Claims Administrator shall deduct from any claim payment amounts owed by a claim participant for liens or court orders for restitution, child support, debts owed to the County of Ventura or any statutory liens. By filing a Claim Form, you agree to allow the Claims Administrator access to your records regarding child support or potential statutory liens.

If a class member who has submitted a timely claim form is notified of a lien, and believes that there is a mistake of some kind, he or shall have the right to seek a review of the lien by submitting a letter and documentation, which shall be reviewed by a Special Master, whose determination will be final and non-appealable. No hearing shall be held on such review unless ordered by the Special Master.

However, no more than 50% of the amount due to a claimant may be deducted to pay such restitution, debts or liens, so all qualifying claimants will receive some money even if such deductions occur.

In addition, the Agreement provides for the following other payments:

a) Separate payment by Defendants up to $250,000 for settlement administration fees.

b) Separate payment by Defendants of a total not exceeding $150,000, a portion of which will be paid to each individual who was a Named Plaintiff and Class Representative, and whose individual damages could be assessed prior to Settlement. These plaintiffs will receive more under the Settlement than other Class Members because of the role that they played in the litigation, and because of individualized damages determinations made in their cases. The Court will finally approve whether to allow this amount or a different (but not higher) amount.

c) An award of attorneys' fees and costs, to be separately paid by the Defendants, in the amount of $1,400,000, subject to the final approval of the Court.

**What Do I Do To Get Money?**

If you wish to receive money from the Settlement, you must complete and submit a Claim Form. Read the instructions on the Claim Form carefully. **All Claim Forms must be completed and postmarked (or received by the Administrator) no later than December 22, 2008.**

**Will I Receive Anything From The Settlement?**

If it is verified that you are a Class Member, and you file an approved claim within the time set by the Court, you will be entitled to receive compensation in accordance with the schedule described above.

**When And Where Will The Court Decide Whether To Approve The Settlement And Attorneys' Fees?**

The Court has scheduled the Fairness Hearing for 10:00 A.M. on January 19, 2009, in the United States District Courthouse for the Central District of California, 312 N. Spring Street, Los Angeles, CA 90012, in Judge Marshall's Courtroom, Courtroom No. Two. At this Hearing, Judge Marshall will consider whether the Settlement is fair, reasonable and adequate, and will determine the amount of Attorneys' Fees and costs to be awarded. If there are any objections, the Court will consider and rule on them. We do not know how long this process will take. We do not know if the Hearing will be continued. There will not be a new notice if it is. You may speak at the Hearing but only if you have submitted your comments or objections as described above.

**FOR ADDITIONAL INFORMATION ON THE PROPOSED SETTLEMENT, AND TO OBTAIN A CLAIM FORM** visit www.gaminovventuraco.com or call 1-888-309-3897 (toll free).

*or write: Gamino v. Ventura County Settlement Administrator*
c/o Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060

VTRA - Ventura County
5.3250" x 11"
8 pt font
Ventura Star
8/25/2008   2:00 PM

**EXHIBIT D**



**Gamino v Ventura County**
Opt Outs Filed
January 5, 2009

| Count | ClaimID | SSN | FirstName | LastName | Addr1 | City | ST | Zip | BI-Nbr | Booking | BookingDate | PC | ReleaseDate | Tier | Filed Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | VTRA110011765 | 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 | ANGELA MCCAW | BAUTISTA | 3948 SOUTHHAMPTON RD | MOORPARK | CA | 93021 | 184454 | 965585 | 3/22/2002 | HS11550(A) | 3/28/2002 | 3 | |
| 1 | VTRA110011765 | 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 | ANGELA MCCAW | BAUTISTA | 3948 SOUTHHAMPTON RD | MOORPARK | CA | 93021 | 184454 | 967227 | 4/10/2002 | HS11550 | 4/12/2002 | 3 | |
| 1 | VTRA110011765 | 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 | ANGELA MCCAW | BAUTISTA | 3948 SOUTHHAMPTON RD | MOORPARK | CA | 93021 | 184454 | 967447 | 4/13/2002 | HS11550 | 4/18/2002 | 3 | |
| 1 | VTRA110011765 | 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 | ANGELA MCCAW | BAUTISTA | 3948 SOUTHHAMPTON RD | MOORPARK | CA | 93021 | 184454 | 968922 | 5/3/2002 | HS11550 | 5/9/2002 | 3 | |
| 2 | VTRA110025197 | 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 | SHARON LOUISE | MASSON | 15138 VILLAGE 15 | CAMARILLO | CA | 93012 | 297356 | 962763 | 2/13/2002 | HS11550A | 2/13/2002 | 3 | Yes |
| 3 | VTRA110029427 | | CASIMIMR ARMON | JAGIELLO | 102 TAORMINA LN | OJAI | CA | 93023 | 322523 | 976502 | 8/6/2002 | HS11550(A) | 8/9/2002 | 3 | |
| 4 | VTRA120016646 | | MIGUEL ANGEL | ALMANZA | 1720 1ST ST | SIMI VALLEY | CA | 93065 | 317864 | | | | | | |
| 5 | VTRA180000010 | | MIGUEL REYES | GONZALEZ | 343 DARTHMAT RD | SANTA PAULA | CA | 93060 | | | | | | | |